[Civ. No. 7473. First Appellate District, Division Two.—August 3, 1931.]

ASSOCIATED INDEMNITY CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN LOUIS Du GROSSE, Respondents.

Daniel W. Burbank for Petitioner.

Edward O. Allen for Respondents.

NOURSE, P. J.—The petitioner is the insurance carrier of the "San Francisco Chronicle," a daily newspaper. The state compensation insurance fund is the insurance carrier of the "San Francisco Examiner." John L. Du Grosse was employed by the "Examiner" to sell its newspapers on a designated street corner in the city and county of San Francisco. At the same time he was engaged in selling copies of the "San Francisco Chronicle." While so employed he suffered an injury for which he was compensated by

an award of the respondent Commission which found both newspapers equally liable as his employers. The award against the carrier of the ''Examiner'' has become final and, under the terms of the compensation act, it would be entitled to contribution against petitioner on account of the award made against the ''Chronicle.'' The matter comes before us upon an original proceeding to review that portion of the award adverse to the insurance carrier of the ''Chronicle.''

■ The facts are practically undisputed. The parties to this proceeding stipulated that John Du Grosse was an employee of the ''Examiner'' assigned to sell its papers at the Forest Hill station in the Twin Peaks tunnel, and that he was subject to the exclusive and complete control of the ''Examiner'' as to when, where and by what manner and method his work was to be done. As a ''side issue'' Du Grosse was permitted to sell the ''Chronicle'' and for this purpose papers were delivered to him daily by the district manager of that paper which he sold for five cents each, retained two cents for his profit, and paid to the district manager three cents for each ''Chronicle'' which was sold or not returned. The ''Chronicle'' did not have the right at any time to control the time, the place, or the manner in which the work was to be done, though it reserved the right to refuse to deliver more papers to him for sale if his services were not satisfactory.

Under this state of facts the case is controlled by *New York Indemnity Co. et al.* v. *Industrial Acc. Com.*, 213 Cal. 43 [1 Pac. (2d) 12], where, under a similar state of facts, the Supreme Court held that the relation between the newsboy and the newspaper publisher was not one of master and servant within the purview of the Workmen's Compensation Act, but was more nearly allied to the relation of a sales agent. In that case the Supreme Court, after referring to the reasoning of *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570], say: ''We are constrained to hold that the limited amount of control which the publishers of these two newspapers undertook to exercise over the newsboys, who daily purchased from their district manager a specified number of copies of their daily issues for a specific sum, payable in cash or at the close of each day's sales, and who undertook the retailing of the same

to such customers among the public at large as they were able to attract or procure at a specified place and price fixed by the publishers, would not as a matter of law be sufficient. to constitute such newsboys the employees of the publishers of said newspapers so as to entitle them to receive compenation at the hands of the Industrial Accident Commission in the event of injuries received by them in the course of their activities in making or attempting to make individual sales of the copies of said newspapers.'' This language is applicable in every detail to the instant case.

The award in so far as it relates to the insurance carrier of the ''San Francisco Chronicle'' is annulled.

Sturtevant, J., and Spence, J., concurred.