[Civ. No. 8210. Second Appellate District, Division One.—April 28, 1932.]

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, WILFORD FARROW, a Minor, etc., et al., Respondents.

George L. Greer and Donald L. Ruppe for Petitioner.

A. I. Townsend for Respondents.

TAPPAAN, J., *pro tem.*—Petitioner by writ of *certiorari* seeks a review of an award made by respondent Industrial Accident Commission in favor of respondent Wilford Farrow, a newsboy, and prays that the award be annulled.

The injury for which compensation was awarded was sustained by respondent Farrow while engaged as a newsboy in the selling of newspapers upon the streets of the city of Los Angeles. Petitioner is the insurance carrier for the news-

paper held chargeable by the award with the payment of compensation. The evidence introduced at the hearing before the Commission, though conflicting as to some of its details, was to the effect that petitioner's insured engaged the injured boy as a newsboy to sell its papers, and had the right to discharge him in the event it so desired. Petitioner stresses the fact that the newsboy in this case did not have the right to return the papers delivered to him for sale, but that in the event any such papers were unsold at the end of the day, the newsboy was required to pay for such papers.

The sole question presented to the Industrial Accident Commission and to this court is a question of law as to whether the injured newsboy came within the category of a compensable employee, within the meaning and intent of the Workmen's Compensation Act, or at the time of his injury, he occupied the relation analogous to that of an independent contractor in the vending of the newspapers and so was not entitled to an award under the provisions of said act.

Petitioner cites and relies upon the case of *New York Indemnity Co.* v. *Industrial Acc. Com.*, 213 Cal. 43 [1 Pac. (2d) 12]. The facts as presented by the record in the instant case, when compared with those in the above-cited case, differ to no material extent. The following language used in that case is, except as to some minor details, fully sustained by the record presented here (p. 25):

"There was some dispute in the evidence as to just what amount of control or regulation was exercised over newsboys by the district manager; but the evidence in that regard seems to go no further than the following extent, to-wit: That certain specified corners or places upon the public streets were allotted, when unoccupied, to particular newsboys applying for the same, who received instructions from the district manager not to intrude upon or interfere with the corner or place allotted to another. Each particular newsboy was expected and in fact required to be active and vigilant in making sales of a prescribed minimum number of each of said newspapers at or near his designated place; in short, to be a 'hustler' in making sales. Otherwise his allotted place or corner would be given to another newsboy and he would be refused further copies by the district manager."

The evidence presented here tends to show that the engagement under which the injured boy sold the newspapers was

of even more vicarious and uncertain tenure than that involved in the case just quoted. The original arrangement to sell the papers was made with respondent's brother. This brother was the one who made the cash settlements. Respondent worked or not, at will. He sold two other papers and accounted to them for his sales. The engagement was for no fixed term and the right to discharge, in fact, amounted only to a refusal to extend credit and furnish papers.

The finding of the Commission upon the facts present before it amounted to an erroneous legal conclusion which this court possesses jurisdiction to review. (*New York Indemnity Co.* v. *Industrial Acc. Com., supra.*)

The award as made to the applicant herein should be, and the same is, hereby annulled.

Conrey, P. J., and York, J., concurred.