CHARLES CRAWFORD, PETITIONER-DEFENDANT IN CERTIORARI, v. NEWARK STAR PUBLISHING COMPANY, RESPONDENT-PROSECUTOR IN CERTIORARI.

Submitted October term, 1936—Decided December 29, 1936.

BEFORE BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the petitioner-defendant, *Harry Krieger* (*Maurice Silver,* on the brief).

For the respondent-prosecutor, *Reginald V. Spell* (*A. William Wann,* of counsel).

BROGAN, CHIEF JUSTICE. The writ in this case brings up for review a judgment of the Essex County Court of Common Pleas in a compensation case. The petition for compensation was dismissed in the compensation bureau because the deputy commissioner determined that the petitioner was excluded from the benefits of the statute. On appeal, the Pleas reversed this finding and awarded compensation.

The petitioner was employed by the Newark Star Publishing Company as a canvasser for subscriptions to the newspaper published by that company. In connection with his work as such canvasser, he also sold small policies of accident insurance to the subscribers for which he took a down payment of fifteen cents. The hours of his employment were fixed and he reported each morning and evening at the circulation department of the employer. His duties were to make a house to house canvass for subscriptions for which he received a definite weekly salary, plus commission, on the number of sub-

scriptions obtained. He did not carry newspapers with him but wrote out subscribers' orders on a form of agreement furnished by the employer, and turned in such subscriptions each evening at the office of the employer. It is admitted that he received an injury by automobile accident arising out of and in the course of his employment.

Whether the judgment for the petitioner was legally correct depends upon the construction and meaning to be given to the provisions of chapter 64, *Pamph. L.* 1932, *p.* 111; *N. J. Stat. Annual* 1932, § \*\*236-102, which read as follows:

"The term 'employe' as used in the act to which this act is a further supplement, and all acts amendatory thereof or supplemental thereto, shall in all cases be so construed to exclude from the operation thereof any person engaged in the vending, selling or offering for sale, or delivering directly to the general public, any newspaper, magazine or periodical, or acting as sales agent or distributor as an independent contractor of or for any such newspaper, magazine or periodical."

The act is in the disjunctive and its provisions are separable. It is the first portion of the statute that needs consideration since, plainly, the petitioner was not delivering newspapers to the general public, nor was he acting as sales agent or distributor as an independent contractor. Was he therefore engaged in vending, selling or offering for sale, any newspaper, magazine or periodical, within the meaning of the statute?

The petitioner's testimony plainly discloses that he was selling subscriptions for the newspaper, the delivery of the newspaper to begin at a future time. It is admitted that delivery was not to be made by the petitioner under any circumstances.

In the ordinary acceptance of the term, vending means to dispose of something to another for money, and selling connotes the transfer of something to another for a consideration, usually money, while offering for sale imports a tender or proposal to sell for a consideration.

Vending or selling a newspaper or magazine imports a transaction presently completed or capable of being completed at once. The petitioner was not, in a strict sense, sell-

ing the newspaper. He was soliciting and taking contracts from persons who were willing to purchase this certain newspaper in the future. This is not, to the ordinary mind, vending or selling newspapers. Nor do we think he was offering a newspaper for sale in the sense in which this term is intended in the statute. The words "vending, selling or offering for sale," are set out in the same clause of the compound sentence making up this supplement to the statute. They should be considered together and, thus considered, it is our view that "offering for sale * * * any newspaper * * *" means a manual tender of the article in question. The petitioner therefore does not come within the exclusion of the statute, *supra*.

The judgment is affirmed, with costs.