ROBERT H. HARRISON, RESPONDENT-APPELLEE, v. MARGARET GARLITTI, ADMINISTRATRIX OF THE ESTATE OF CARMILLO GARLITTI, PROSECUTOR-APPELLANT.

Submitted October 5, 1937—Decided February 25, 1938.

65

Before Brogan, Chief Justice, and Justices Trenchard and Parker.

For the respondent-appellee, *Fleming & Potter* (*Russell Fleming*, of counsel).

For the prosecutor-appellant, *Herbert C. Dolan*.

Brogan, Chief Justice. This is a workman's compensation case. The only question in dispute before the bureau was the extent of the permanent disability suffered by the petitioner-employe. The referee allowed the petitioner twenty-seven and one-half per cent. of total. The petitioner appealed to the Pleas, which increased the award to forty per cent. of total. *Certiorari* was allowed the employer.

It is argued that the judgment is erroneous and should therefore be set aside, first, because the deputy commissioner of labor refused to hear the testimony of Drs. Keeney and Kessler and, second, because the determinations in the bureau and in the Middlesex County Court of Common Pleas were "contrary to the evidence and contrary to law."

In our view, there is no merit to either point. While the reason for the exclusion of the proffered testimony of Drs. Keeney and Kessler is not stated in the record, the briefs of the parties are in agreement that the testimony was refused because the doctors were employes of the bureau. It appears that a rule of the bureau prohibits the testimony of such employe who is under a duty to the bureau of advising it in case of informal hearings, &c. Incidentally, in this case there had been an informal hearing at which Dr. Keeney had apparently been called in to advise as to the extent of the disability of the petitioner. It is within the competence of the commis-

sioner of labor, who is the statutory head of the bureau, to make rules for the conduct of affairs of the department and likewise regulating the activities of bureau officers or employes. The statute (*Pamph. L.* 1918, *ch.* 149, *p.* 435, § 17) bestows upon the commissioner certain rule-making power to govern hearings before the bureau. A rule prohibiting doctors employed by the state, in aid of its workmen's compensation bureau, from giving testimony in support of either side in a contested hearing is entirely reasonable.

The effect of such a rule should be to keep the testimony and conclusions of such witnesses entirely impartial. If doctors, paid by the state to assist in the just administration of this important bureau, may be retained by either side in a contested case, they would soon come to be at least under the suspicion of leaning towards the side paying for their services. Public policy would seem to demand such a rule, and so we find no error here.

The argument made under the second point—that the judgment is contrary to the evidence—is that since the medical experts for the petitioner testified that the disability of the petitioner was fifty per cent. of total and the experts for the employer testified it was only fifteen per cent. of total, therefore a finding of twenty-seven and one-half per cent. of total in the bureau was unjustified and, by the same token, a finding of forty per cent. upon the appeal of the employe to the Pleas was also error. There is no merit here. Witnesses testify to facts and circumstances and in some cases to opinions. Fact finding bodies draw inferences and conclusions. On the fact issue here it was largely a matter of opinion evidence and the court, in each instance, arrived at a conclusion that it thought was just. Judge Lyon, considering the matter on appeal, made a careful analysis of the testimony (including an assumption on his part that Dr. Keeney, whose testimony was not allowed by the referee, would have testified to twenty per cent. of total disability) and concluded that the petitioner was entitled to an award based on forty per cent. of total disability.

These tribunals—the bureau, at the hearing, and the Common Pleas Courts on appeal and review—must determine the

facts as well as the law. They pass upon the credibility of the witnesses and draw the inferences that seem to them proper. This court, on *certiorari,* must also pass on the facts as well as the law. Where, as here, the bureau or the court accepts neither the low percentage of disability fixed by the employer, nor the high figure fixed by the claimant, but arrives at a finding between the two, it does not at all mean an arbitrary or speculative "splitting the difference." Quite the contrary, it is entirely within the province of the court to find that the figures of one side are too high, those of the other too low, and from such conclusion arrive at a definite percentage that the court believes to be just.

As a general rule, fact finding bodies are not bound to arrive at the exact figures of damages as estimated by expert or lay witnesses. Juries are not so limited in actions for damages in contract or tort; or in fixing damages in condemnation cases. See *State Highway Commission* v. *Lincoln, &c.,* 110 *N. J. L.* 190, and cases cited. So here the referee in the bureau saw and heard the petitioner, who was the first witness in the case. The Pleas, on appeal, had the testimony of the medical witnesses before it and Judge Lyon pointed out, with particularity, the reason for his conclusion. It was quite competent for him to arrive at the conclusion which he stated.

We have reviewed the testimony on which this award is based and we cannot say that the conclusion is erroneous.

The judgment is affirmed and the writ dismissed, with costs.