ESSEX COUNTY COURT OF COMMON PLEAS.

SAMUEL GORDON EL, JR., BY HIS NEXT FRIEND, HIS FATHER, SAMUEL GORDON EL, PETITIONER-APPELLANT, v. NEWARK STAR-LEDGER AND LIBERTY MUTUAL INSURANCE COMPANY, RESPONDENTS-APPELLEES.

Decided December 10, 1941.

For the petitioner-appellant, *Harry Krieger.*

For the respondent-appellee Newark Star-Ledger, *Harry V. Osborne, Jr.*

For the respondent-appellee Liberty Mutual Insurance Co., *John W. Taylor.*

FLANNAGAN, C. P. J. The petitioner, a boy some 12 or 13 years old, was employed by the respondent Newark Star-Ledger. His employment was of a multiple character, he was to deliver papers to certain subscribers for the paper, 60 in number, he was also to collect from such subscribers certain small insurance premiums, and was also to obtain new subscribers. Petitioner was given a book containing the names and addresses of the subscribers and instructed in the performance of the duties of his employment. He made deliveries of the papers to the subscribers from day to day and collected certain insurance premiums, but succeeded in getting no new subscriptions for himself, though procuring some for other boys whose district or route was outside that in which he worked. Ordinarily, and except on one day, petitioner

was furnished with only 60 newspapers, but on the said day, which is the day on which he claims to have been injured, he was given 61 papers, the extra paper he was instructed to deliver to one Mrs. Todd, 109 Orchard Street, who was not one of the 60 subscribers.

Petitioner endeavored to deliver the extra paper to Mrs. Todd but delivery was refused, and when petitioner returned to the representative of the Star-Ledger after completing his other deliveries he brought the paper back with him. He was thereupon instructed to deliver the paper to a house or place "around the corner," the precise destination is not made clear in the evidence.

While attempting to make the delivery of this extra paper the petitioner alleges he received the injuries for which he now seeks compensation.

The petitioner, under the circumstances recited, would, as an employee, unquestionably be entitled to the benefits of the Workmen's Compensation Act but for the provisions of *R. S.* 34:15-36 (third paragraph) which the respondent contends excepts him from its benefits.

The statute provides that "A person engaged in vending, selling or offering for sale or delivery directly to the general public newspapers" shall be excepted from the benefits of the Compensation Act.

The petitioner was not "vending, selling or offering for sale" newspapers within the meaning of the statute. *Crawford* v. *Newark Star Publishing Co.*, 15 *N. J. Mis. R.* 77; 188 *Atl. Rep.* 731.

It is strongly contended, however, that he falls within a particular exception, *i. e.*, that he was "delivering directly to the general public" newspapers.

As far as the acts of making deliveries were concerned, the petitioner's were limited to making delivery to certain specified names, and specifically 60 names. He was provided with no papers to make deliveries to the general public but with only 60 papers to be delivered to the 60 names specified in a book with which he was provided. He thus had no relation to the general public as far as deliveries were concerned. He could not go out and deliver to whomsoever he might come

in contact and who might ask for delivery or could be induced by him to purchase and accept delivery. He could only deliver to the restricted number whose names were found in the book provided by his employer. He was not delivering to the general public but only to subscribers. Subscribers formed a class as distinguished from the public.

Even if the petitioner had obtained additional subscribers in his own district the names would have been added to those in his book and he would thereafter still have been delivering to the subscribers named in the book, increased in number, but still a class.

For these reasons the judgment of dismissal must be reversed.

But aside from this. At the time of the alleged injury the petitioner was not engaged in making deliveries to the 60 persons to whom he customarily delivered or to any of them, but he was engaged on an accidental, unusual and isolated service, viz., the delivery to a specified person or house to which he was sent with a single paper for delivery. This cannot be regarded as a delivery to the general public.

At the outset of the trial before the Deputy Commissioner, counsel stipulated that the sole question submitted was the "question of compensability under the Workmen's Compensation Act."

The Commissioner acquiesced in this arrangement.

Later in the trial objection was made by petitioner's attorney to a question asked on the ground that, "The issue has been stipulated to be one of compensability at this time," and this objection was sustained. Nevertheless, the Commissioner included in his determination a finding that the "petition should be dismissed in so far as it claims double compensation." I do not think this question was properly before the Commissioner.

The finding that the petitioner's employment is excluded from the provisions of the Workmen's Compensation Act is reversed and the case will be remanded for further evidence and a determination of all other issues, including that as to whether the petitioner is entitled to double compensation, if any.