MICHAEL CAPPADONNA, PETITIONER-DEFENDANT, v. PASSAIC MOTORS, INC., RESPONDENT-PROSECUTOR.

Argued October 7, 1947—Decided November 7, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner-defendant, *Dominick DeMuro.*

For the respondent-prosecutor, *Kalisch & Kalisch* (*Isidor Kalisch*).

The opinion of the court was delivered by

BODINE, J.   This is a workmen's compensation case.

There was an award in the Bureau and an affirmance thereof in the Court of Common Pleas.

There is but one factual question to be settled and that is whether the petitioner was an independent contractor or an employee.   We think the former.

The rule of law was stated by Mr. Justice Trenchard in the case of *Errickson* v. *Schwiers Co.*, 108 *N. J. L.* 481, 483, as follows:

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.

"The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done.   *   *   *   It will be seen, therefore, that the ultimate question in this case is, who had control of the operation."

The Passaic Motors, Inc., had planned to make a coffee room for their employees.   They had employed masons to do some of the work.   The masons had finished the walls.   One of the members of the firm asked the chief mason whom he would recommend to do the carpentry work.   The injured man was recommended; he looked over the work to be done; said he would do it by the day and not by contract.   He was employed at $15 a day and procured his materials, which were paid for by the Motor Company, except when he purchased them directly.   He weekly presented a bill for his work and that of his son, who was his helper.   These bills were paid. The record indicates the carpenter was perfectly free as to

the means by which the result would be accomplished. The injured man was never carried on the payroll and he was paid each week for the days he had worked. He was never supervised or controlled in any way. No deductions were made for Social Security nor for unemployment compensation. He was employed to complete the carpentry work on a new project. It can make no difference that he was paid by the day. He chose not to make an estimate on the cost of the work. The record shows that he worked a few days one week and a few days the next. He had a business card and billheads.

The judgment under review will be reversed, but without costs.