7 N.J. Super. 94 (1950)
72 A.2d 346
JAMES SARVENT, PETITIONER-RESPONDENT,
v.
FEDERAL SHIPBUILDING & DRYDOCK COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1950.
Decided March 23, 1950.
*95 Before Judges JACOBS, EASTWOOD and JAYNE.
Mr. Patrick F. McDevitt argued the cause for the petitioner-respondent (Mr. Louis Reich, attorney; Mr. Edward A. Markley, of counsel).
Mr. James A. Robottom argued the cause for the respondent-appellant.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The primary issue in this workmen's compensation case is whether the judgment of the County Court, which increased the award for partial total and permanent disability of plaintiff, is supported by the evidence.
That the employee suffered an accident arising out of and in the course of his employment is not disputed. Nor is the award for temporary disability contested. Stripped of all medical terminology, plaintiff suffered injuries involving the head, nose, back and knee, necessitating an operation on his left knee for the removal of the patella, and an operation on his nose, now crooked and scarred, resulting in conceded partial permanent orthopedic and neurological disability. The differences between the parties revolve around the question as to the percentage of the total permanent disability. In the Bureau, plaintiff was awarded 35% of total permanent disability and, on appeal by plaintiff, the County Court awarded 60% thereof.
There is a sharp dispute as to the propriety of the increased award made by the County Court. Two physicians testified *96 for the plaintiff, one of whom estimated petitioner's partial permanent disability orthopedically at 50% of total; the other physician estimated plaintiff's neurological disability at 12 1/2% of total. For the defendant, three physicians testified, one of whom estimated the neurological disability at 5% of total; the other two physicians were in agreement that the plaintiff's orthopedic disability was 25-30% of total.
Defendant contends that the Bureau's determination should not be lightly disturbed because of the opportunity that the Deputy Director had of seeing and hearing the witnesses. This rule is well settled and salutary. However, it does not bar an appellate court, in reviewing the record and reaching its own independent findings, from arriving at a contrary conclusion. Harrison v. Garlitti, 120 N.J.L. 64 (Sup. Ct. 1938).
The fact finding tribunal is not bound to arrive at the exact figure of damages estimated by either expert or lay witnesses. The determination should be just under all the proofs and circumstances of the case. Harrison v. Garlitti, supra. Here, the conclusions of the Bureau and the County Court were largely based upon opinion evidence, from which each tribunal drew its own inferences and conclusions. In the case sub judice, plaintiff testified in great detail as to his injuries and his subjective complaints. The respective physicians expressed their opinions on the basis of their examinations of plaintiff, which encompassed his subjective complaints. Neither in his oral conclusions at the end of the hearings nor in his determination and findings of fact did the Deputy Director indicate that plaintiff's testimony was not credible in any respect. Nor did he indicate why he rejected the testimony of the plaintiff's expert medical witnesses and relied on the defendant's expert testimony. His comments on the medical testimony were confined to a condensed version thereof. Judge Ziegener comprehensively reviewed all of the testimony and concluded that "* * * It appears to me that petitioner's permanent disability is very extensive and that an award of 60% of total is a conservative one;" that "* * * the Bureau, without explaining any reason therefor, accepted respondent's *97 physicians' estimate of 35% of total and disregarded the estimate of 62% made by the physicians of petitioner." On the basis of Judge Ziegener's review of the evidence, it was entirely competent for him to draw his own inferences and conclusions therefrom, notwithstanding they were contrary to those of the Bureau. Harrison v. Garlitti, supra.
Our review of the record persuades us that there was competent evidence to support the judgment of the County Court.
The judgment of the County Court is affirmed, with costs.