13 N.J. Super. 1 (1951)
80 A.2d 125
SAM GAGLIANO, PETITIONER-APPELLANT,
v.
BOTANY WORSTED MILLS, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1951.
Decided March 14, 1951.
*3 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Benjamin Greene argued the cause for petitioner-appellant; Mr. Alfred D. Schiaffo, on the brief.
Mr. G. Dixon Speakman argued the cause for respondent-respondent (Messrs. Toner, Speakman & Crowley, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The petitioner appeals from the judgment of the Passaic County Court which affirmed a judgment entered in the Division of Workmen's Compensation dismissing the petitioner's claim for compensation.
The petitioner was employed by the respondent as a trucker in its warehouse. While at work in the warehouse pushing a hand truck, on which there was a bale of wool weighing approximately 350 pounds, the petitioner collapsed, became unconscious and was taken to the employer's clinic. He suffered a coronary thrombosis resulting in a myocardial infarction. At the hearing before the deputy director, he attempted to prove that while pushing the hand truck it became stuck in a hole in the floor and in trying to free it by force he slipped to the floor and the hand truck toppled on his chest; that this activity constituted an unusual or unexpected strain or exertion arising out of his employment; and that his heart attack was caused thereby. There was conflict in the evidence as to what actually happened about the time of the petitioner's collapse, and question as to the credibility of certain witnesses.
*4 In the findings filed by the deputy director, there is no finding of fact as to what actually occurred at or about the time of the alleged accident. The deputy director found: (1) that the petitioner had not sustained the burden of proof "in establishing that he suffered an accident arising out of and in the course of his employment," and (2) that "Even if any one of the number of versions of a compensable accident to the petitioner had been established by him, I am satisfied that his present cardiac condition is in no wise related, either by way of cause or aggravation, to such alleged accident." Both of these findings are merely ultimate conclusions of fact. Cf. Cormican v. McMahon, 128 A. 709, 711 (Sup. Ct. of Errors, Conn. 1925). The County Court judge filed a determination, stating: "I am of the opinion that the judgment of the Workmen's Compensation Bureau should be affirmed and the appeal dismissed for the reasons expressed" by the deputy director.
On this appeal the petitioner argues; (1) that the court erred in capriciously rejecting the testimony of a competent witness, (2) that the petitioner sustained the burden of proving that he suffered a compensable accident arising out of and in the course of his employment, and (3) that the County Court erred in its failure to make an independent finding of fact on an appeal from a decision of the Workmen's Compensation Bureau.
On a claim for compensation for a heart injury, there is a presumption that the heart injury is the result of natural physiological causes and the petitioner has the burden of proving, by a preponderance of the probabilities, that his heart attack was caused by an unusual or unexpected strain or exertion arising out of his employment and beyond the mere employment itself. Seiken v. Todd Dry Dock, Inc., 2 N.J. 469 (1949); Grassgreen v. Ridgeley Sportswear Mfg. Co., 2 N.J. Super. 62 (App. Div. 1949), cert. den. 1 N.J. 603 (1949); Temple v. Storch Trucking Co., 3 N.J. 42 (1949).
The deputy director made no finding of fact as to the particular activity in which the petitioner was engaged at the *5 time in question and no finding as to whether such activity was in the usual routine course of labor to which the petitioner was accustomed, or whether it included an unusual or unexpected strain or exertion arising out of the employment. Without such findings by the deputy director in a heart case, neither the County Court nor this court can perform its proper functions.
On appeal to the County Court in a workmen's compensation case, the hearing before the County Court must be based "exclusively on the transcript of the record and testimony" below, and the County Court judge must file with the clerk of the court a determination, in writing, of the merits of the controversy. R.S. 34:15-66. The findings of the deputy director are part of the record and the County Court, in coming to its determination, must consider the deputy director's findings of fact and give due, although not necessarily controlling, regard to the opportunity of the deputy director to judge of the credibility of witnesses. Donofrio v. Haag Brothers, Inc., 10 N.J. Super 258 (App. Div. 1950); cf. Universal Camera Corp. v. N.L.R.B., 71 S.Ct. 456 (U.S. Sup. Ct., 1951).
On appeal to this court from the judgment of the County Court, we accord determinative weight, in the first instance, to the factual findings of the County Court. Donofrio v. Haag Brothers, Inc., above. Particular weight is given in this court to the findings of fact of the County Court, when such findings agree with the findings of fact in the Division of Workmen's Compensation. Cf. Wright v. Westinghouse Elec. & Mfg. Co., 134 N.J.L. 581, 583 (Sup. Ct. 1946), affirmed 135 N.J.L. 460 (E. & A. 1947); Brighton v. Rumson, 135 N.J.L. 81 (Sup. Ct. 1947). It is only when we are satisfied that the interests of justice require it, that we make independent findings of fact. Rule 3:81-13; cf. Rules 1:2-20 and 4:2-6.
We are unable to deal properly with the merits on this appeal without having the benefit, first, of the essential findings of fact by the Division of Workmen's Compensation which *6 are required but were not supplied (cf. Patton v. American Oil Co., 13 N.J. Misc. 825 (Sup. Ct. 1935), affirmed 116 N.J.L. 382 (E. & A. 1936)); and, second, of the findings of fact by the County Court judge in the performance of his duty to bring a new mind for the consideration of the transcript of the record and testimony in the cause (cf. Charlock v. M.W. Kellogg Co., 4 N.J. Misc. 260, 262 (Sup. Ct. 1926)).
The judgment is reversed. The record shall be remanded to the County Court and by it remanded to the Division of Workmen's Compensation for the filing, by the deputy director, of new findings on the record and the entry of a consequent judgment. No costs.