31 N.J. Super. 350 (1954)
106 A.2d 554
INES R. RUNK, PETITIONER-RESPONDENT,
v.
RICKENBACHER TRANSPORTATION CO., INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1954.
Decided June 28, 1954.
*352 Before Judges EASTWOOD, FRANCIS and FREUND.
Mr. H. Hurlburt Tomlin argued the cause for the respondent-appellant (Messrs. Orlando, Devine & Tomlin, attorneys; Mr. Samuel P. Orlando, of counsel).
Mr. Lawrence N. Park argued the cause for the petitioner-respondent (Mr. Robert J. Tait Paul, attorney).
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
This appeal is from a judgment of the Camden County Court affirming an interlocutory judgment of the Workmen's Compensation Division determining the controversy to be within its jurisdiction.
The petition filed by Ines R. Runk, widow of Norman W. Runk, on behalf of herself and three infant children, alleges that her husband was employed by the appellant as a truck driver and that he died on February 7, 1952, in Dayton, Ohio, as a result of inhaling carbon monoxide while sitting in the cab of a tractor-trailer awaiting the loading of the *353 trailer. The appellant's answer denied the jurisdiction of the Division of Workmen's Compensation or that the accident happened in the course and scope of the employment.
Testimony was taken solely with respect to the issue of whether the decedent was an employee of the appellant, and, if so, whether the contract of employment was made in this State. Both lower tribunals found in the affirmative on the two questions and these concurrent findings of fact are entitled to great weight. Arrington v. Goldstein, 23 N.J. Super. 103 (App. Div. 1952). There is ample evidence to support the conclusions below.
The decedent had been in the employ of Gerald Strauser, of Huntingdon, Pennsylvania, who is in the business of long distance trucking and leases trucking equipment to transportation companies. On January 27, 1952, as the result of a telephone conversation between Strauser and a representative of the appellant, the tractor later driven by Runk was leased to the appellant. Runk was directed to drive the tractor-trailer to Philadelphia, to leave the trailer there with another trucking company, and then proceed to report to the appellant's terminal in Newark, New Jersey. The proofs establish that upon Runk's arrival in Newark, on January 28, he was employed by the appellant, and that thereafter he was continuously in its employ until his death on February 7. Runk submitted to the appellant in Newark a medical certificate of physical fitness as a driver, which was returned to him from Newark by letter dated February 4, 1952. The appellant used "Driver's Daily Log" forms on which the decedent made daily reports from January 28 to February 6. Under date of January 30, Strauser in writing authorized the appellant to place decedent on the company payroll at $45 per week. The appellant issued two checks to Runk's order, one dated February 2 and the other, February 9, each for $44.32, being his salary of $45 less 68¢ for old age pension. Each check bears in print the name and Newark address of the appellant, each was drawn on a Newark bank, and each has a detachable stub entitled "Employee's Record *354 covering Pay Period to and including date shown below." From January 28 to February 7, Runk was under the direction and control of the appellant and drove for it in accordance with its orders.
The appellant argues that the decedent was a general employee of Strauser, although he was towing a trailer for the appellant at the time of his death. The appellant relies upon a line of cases which hold that when one engaged in the trucking business leases equipment and hires his employee to another for a special occasion, the relationship of employer-employee between the owner of the equipment and his servant is not terminated merely because the employee is performing service for the lessee. Rongo v. R. Waddington & Sons, 87 N.J.L. 395 (Sup. Ct. 1915); Lacombe v. Cudahy Packing Co., 103 N.J.L. 651 (E. & A. 1927); Procopio v. Foss & Voight, Inc., 10 N.J. Super. 504 (Cty. Ct. 1950); Restatement, Agency, § 227; Annotations 34 A.L.R. 768, 152 A.L.R. 816, 17 A.L.R.2d 1394.
The determination of each case depends on the particular facts. Some of the elements to be considered are the hiring, control, payment of wages and power of dismissal. According to all the adjudications, control is one of the most significant factors. Moreover, when dealing with the services of an employee lent to another, the rule as stated in Restatement, Agency, § 227, is that
"A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services. He may become the other's servant as to some acts and not as to others."
In the instant case it is abundantly clear that during the interval from January 28 to February 7 the decedent was under the control of the appellant even though the physical equipment, the tractor, was the property of Strauser. The tractor had been leased to the appellant by a written agreement, the first provision of which was that the parties would conform to the rules and regulations of the Interstate Commerce *355 Commission. Additionally, paragraph 7 of the lease agreement made specific reference to Ruling No. 4 of the Interstate Commerce Commission, which holds that a leased vehicle must be driven by an employee of the lessee. In Wilson v. Kelleher Motor Freight Lines, Inc., 12 N.J. 261 (1953), the Supreme Court, while holding that the rulings of an administrative agency were not dispositive of the issues before it, nevertheless deemed them to be indicative of policy.
Even though the tractor remained the property of Strauser, under lease to the appellant, there was a direct contract of employment of the decedent by the appellant, and the elements essential for the relationship of employer and employee, such as hiring, control, direction and payment of wages, are present. However, it is argued that the relationship lacked another essential element, the power of dismissal; but the appellant had the right to cancel the lease after any trip or it could request the services of another driver, so that in effect it did have the power of dismissal. Burdick v. Liberty Motor Freight Lines, Inc., 128 N.J.L. 229 (Sup. Ct. 1942); Cappadonna v. Passaic Motors, Inc., 136 N.J.L. 299 (Sup. Ct. 1947), affirmed 137 N.J.L. 661 (E. & A. 1948); Geary v. Simon Dairy Products Co., 7 N.J. Super. 88 (App. Div. 1950); Wilson v. Kelleher Motor Freight Lines, Inc., supra; Larocca v. American Chain & Cable Co., 13 N.J. 1 (1953).
The contract of employment having been made in this State, the fact that the accident occurred in Ohio does not deprive the petitioner of the benefits of our Workmen's Compensation Act. Franzen v. E.I. duPont de Nemours & Co., 128 N.J.L. 549 (Sup. Ct. 1942).
It is unfortunate that the Division of Workmen's Compensation which held three hearings in this matter, on June 24, 26 and August 3, 1953, limited the evidence to the questions of jurisdiction and employment, and did not take testimony as to other features of the case. The controversy should have been fully heard on all issues and a final judgment entered. But, since the Division limited the issues, *356 although the judgment below is affirmed, the cause must be remanded. When, in a workmen's compensation action, an issue of jurisdiction appears from the pleadings or stipulated facts, or a motion to dismiss is granted, it may be unnecessary to take other evidence; but where hearings are held, and a motion to dismiss is denied, the Division should hear and determine the entire case rather than dispose of it piecemeal.
We conclude that the findings below are fully supported by the evidence, that the judgment should be affirmed and the cause remanded for determination of the remaining issues.