32 N.J. Super. 450 (1954)
108 A.2d 506
ROBERT DE MONACO, AN INFANT, BY HIS GUARDIAN AD LITEM, MARY GIACOBE, PETITIONER-APPELLANT,
v.
LOUIS RENTON, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided October 15, 1954.
*452 Mr. Rudolph Markowitz argued the cause for the appellant.
Mr. Arthur C. Gundersdorf argued the cause for the respondent (Mr. Louis Steisel, attorney).
The opinion of the court was delivered by ARTASERSE, J.S.C. (assigned).
This is a workmen's compensation case. The infant petitioner, a newsboy selling newspapers to the general public, seeks workmen's compensation from the respondent, a newspaper distributor. The Deputy Director of the Division of Workmen's Compensation determined that the relationship of master and servant existed between the infant petitioner and the respondent, but dismissed the petition because of the provisions of N.J.S.A. 34:15-36 which excludes newsboys selling newspapers to the general public as employees within the provisions of the Workmen's Compensation Act. The infant petitioner appeals from the judgment of dismissal. The following facts are gleaned from the record:
The infant petitioner was born on June 1, 1940, and on November 14, 1952, while engaged in selling newspapers to the general public, was struck and run down by an automobile, sustaining injuries for which he seeks workmen's compensation from the respondent. It appears that the infant petitioner was engaged as a newsboy selling papers to the general public from September 1951 until June 1952, when he ceased doing so. He obtained his papers from the respondent. On November 12, 1952 he was asked by the respondent if he wanted to work and in response thereto *453 the infant petitioner resumed selling newspapers to the general public. He worked the evenings of November 12, 13 and 14, 1952, until he met with his accident at about 11:45 P.M. on the last date. Although there was no requirement as to when to start or when to stop, the infant petitioner usually worked from eight o'clock in the evening until one or two o'clock in the morning. When the respondent did not personally give the infant petitioner the newspapers some one on his behalf would do so. There was no requirement for the infant petitioner to sell any definite number of newspapers. He received one cent for each paper sold. At the end of the evening the infant petitioner turned over to the respondent all of his receipts from the sale of the papers. The cost of all papers given to him and for which he was charged was deducted from the receipts and the balance was returned to the infant petitioner. All shortages in receipts were made up by the infant petitioner. For the three days that the infant petitioner worked prior to his accident he received $3 or $3.50 all told.
On the date of the accident, November 14, 1952, the infant petitioner arrived at the Journal Square, Jersey City, newsstand of the respondent at about eight o'clock in the evening and received a quantity of Daily News and Mirrors. He was told by the respondent or another in his behalf to go to the State Theatre on the Hudson County Boulevard, Jersey City, to sell said papers to the general public and if he had any unsold papers when the last performance ended, to go to another spot on the opposite side of the street to sell them to the general public. The infant petitioner remained at the State Theatre until the last performance ended and, having some unsold papers, he was on his way to the opposite side of the street to sell them when he was run down by an automobile.
The respondent is an inspector for the Daily News and has been so employed for 19 years. He has supervision of the circulation, distribution and promotion of said paper in northern New Jersey. In addition thereto he conducts and is engaged in operating a newsstand for himself at Journal *454 Square. It appears that the respondent had the newspapers picked up at the Jersey City exit of the Holland Tunnel and taken to his private place of business at Journal Square where they would be distributed to the various newsboys. At Journal Square the newspapers would be counted and distributed to the newsboys for sale to the general public at specific spots. The price of the papers to the public was fixed by the respondent and the infant petitioner was obliged to sell at that price. The respondent had the right to and did allot to the infant petitioner particular public spots where to sell the newspapers to the general public. The infant petitioner was obliged to stay at that particular spot or at the successive particular spot, as was the case here, to sell newspapers to the general public. He worked or not as he desired, and if he did not appear some one else would be put in his place. The infant petitioner was not engaged in selling newspapers to specified customers of the respondent nor was he delivering newspapers on a definite or specified route for the respondent but rather was selling newspapers to the general public. Apparently there were no deductions for social security, unemployment compensation or withholding taxes.
The factual questions to be settled are: (1) was the infant petitioner an independent contractor or an employee; (2) if an employee, was he an employee within the provisions of the Workmen's Compensation Act in view of the provisions of N.J.S.A. 34:15-36; (3) if the infant petitioner was an employee within the provisions of the Workmen's Compensation Act was he employed in violation of N.J.S.A. 34:2-21.15 and N.J.S.A. 34:15-10 which would entitle him to double compensation under the schedules provided in N.J.S.A. 34:15-12?
At the oral argument the infant petitioner contended that the determination of the Workmen's Compensation Division that the relationship of master and servant existed between the infant petitioner and respondent be not disturbed and that this court concern itself solely with the questions of whether the infant petitioner was an employee *455 within the provisions of the Workmen's Compensation Act and whether he is entitled to double compensation. The applicable rule is to the contrary. The hearing of the appeal before the County Court is a trial de novo, "provid[ing] a new mind for the consideration of the testimony adduced." Charlock v. M.W. Kellogg Co., 4 N.J. Misc. 260 (Sup. Ct. 1926); New York Live Poultry Trucking Co. v. Schwartz, 5 N.J. Misc. 178 (Sup. Ct. 1927); Sweigard v. Richards, 118 N.J.L. 394 (Sup. Ct. 1937); Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363 (App. Div. 1951). The County Court should, of course, consider the findings of fact of the Division of Workmen's Compensation and give due, although not necessarily controlling, regard to the opportunity of the deputy director to evaluate the credibility of the witnesses. Donofrio v. Haag Brothers, Inc., 10 N.J. Super. 258, 262 (App. Div. 1950); Gagliano v. Botany Worsted Mills, 13 N.J. Super. 1, 5 (App. Div. 1951). This rule is well settled and salutary. However, it does not bar an Appellate Court, in reviewing the record and reaching its own independent findings, from arriving at a contrary conclusion. Harrison v. Garlitti, 120 N.J.L. 64 (Sup. Ct. 1938). The trial of this appeal is based exclusively on the exhibits and the transcript of the record and testimony. R.R. 1:2-12; R.R. 5:2-5; N.J.S.A. 34:15-66.
It is fundamental that as a necessary prerequisite for recovery under the Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., there must exist the relationship of employer-employee, Corbett v. Starrett Bros., Inc., 105 N.J.L. 228 (E. & A. 1928).
N.J.S.A. 34:15-36 in part provides:
"`Employer' is declared to be synonymous with master, and includes natural persons, partnerships, and corporations; `employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, * * *."
Mr. Justice Wachenfeld, in the case of Wilson v. Kelleher Motor Freight Lines, Inc., 12 N.J. 261, 264 (Sup. Ct. 1953), said:
*456 "An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods and without being subject to the control of his employer as to the means by which the result is to be accomplished but only as to the result of the work. Errickson v. F.W. Schwiers, Jr., Co., 108 N.J.L. 481 (E. & A. 1932).
The relationship of master and servant exists `whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done. * * *' Cappadonna v. Passaic Motors, Inc., 136 N.J.L. 299 (Sup. Ct. 1947).
The difference between the two rules and the determinative factor, according to all the adjudications, is the control retained. It is the criterion by which each case is determined."
It is the retention of the right to dictate the manner in which a given task shall be performed that distinguishes the relation of master and servant from that of independent contractor. Wadge v. Crestwood Acres, Inc., 128 N.J.L. 551 (Sup. Ct. 1942).
It is clear that the only control and regulation which the respondent had over the infant petitioner as a newsboy was that he was allotted a specified spot upon the public street at which to sell newspapers to the general public and that the price of newspapers to the public was fixed by the respondent. It is obvious from the testimony that the infant petitioner alone exercised the right to direct what work should be done and how it should be done.
There was much testimony taken about the relation between the infant petitioner and the respondent during the period from September 1951 to June 1952, but we are concerned in this case with a determination of the relationship as it existed on November 14, 1952, when the infant petitioner was injured. In a case squarely on all fours with the instant case, New York Indemnity Co. v. Industrial Accident Commission, 213 Cal. 43, 1 P.2d 12 (Cal. Sup. Ct. 1931), the court held that the relation of master and servant did not exist between the newsboy and the publisher. The petitioner has attempted to differentiate that case from the instant case, as here the suit is not against the publisher but against a distributor. He asserts that the relationship *457 of master and servant cannot exist between the newsboy and the publisher but it can exist between a newsboy and a distributor even though the newsboy is engaged in sale of newspapers to the general public. This argument is not persuasive. The California Supreme Court decision, supra, did not hinge on any statute excluding as employees newsboys selling newspapers to the general public. That court determined that according to the facts in that case, which are strikingly similar to the facts in this case, the relation of master and servant did not exist. See Hartford Accident & Indemnity Co. v. Industrial Accident Commission, 123 Cal. App. 151, 10 P.2d 1035 (Cal. D.C. App. 1932); Balinski v. Press Pub. Co., 179 A. 897 (Pa. Super. Ct. 1935). As a matter of fact, Crawford v. Newark Star Publishing Co., 15 N.J. Misc. 77 (Sup. Ct. 1936), and El v. Newark StarLedger, 131 N.J.L. 373 (Sup. Ct. 1944), were against the publisher and in each case the court allowed recovery because there was a relationship of master and servant. Exclusive of N.J.S.A. 34:15-36 concerning the sale of newspapers to the general public by newsboys, the determination of whether the relationship of employer-employee exists depends on the particular facts of each case. Runk v. Rickenbacher Transportation Co., 31 N.J. Super. 350 (App. Div. 1954).
The weight of authority in the United States is that newsboys selling to the general public are independent contractors and are denied workmen's compensation. For a discussion of this matter see 1 Larson, Workmen's Compensation Law (1952), sections 43.41, 44.33(b), 45.23, 46.10, 49.20-49.22. In Wisconsin, by legislative enactment, newsboys have been declared employees and within the provisions of the Workmen's Compensation Act, notwithstanding their actual status as independent contractors.
The cases of Crawford v. Newark Star Publishing Co., supra, and El v. Newark Star-Ledger, supra, are clearly distinguishable from the instant case. In both cases the court held that the petitioner was not a newsboy selling papers to the general public but an employee within the terms of the Workmen's Compensation Act and was entitled to the *458 benefits thereof. In the Crawford case the petitioner was employed as a canvasser for subscriptions to the newspaper and also sold small policies of accident insurance to subscribers for which he took a down payment. His duties were to make a house to house canvass for subscriptions for which he received a definite salary plus commission. He did not carry newspapers with him but wrote out subscribers' orders on a form furnished by the employer which were turned in each evening at the office of the employer. In the El case the petitioner had a definite newspaper route but after serving subscribers on his route he returned to the employer's branch office with an undelivered copy of its paper intended for a prospective subscriber. He was then directed by the branch manager of the paper to deliver it to some house where the petitioner could go back and get a customer later on, and while carrying out the stated direction, the petitioner met with an accident. In both of these cases the court held that the petitioner was an employee within the provisions of the Workmen's Compensation Act and was entitled to recover.
At the oral argument the petitioner urged that the case of Makins v. Industrial Accident Commission, 198 Cal. 698, 247 P. 202, 49 A.L.R. 411 (Sup. Ct. 1926), was controlling as to the question of the relationship of master and servant. That case does not help the petitioner. There the injured newsboy was employed as a delivery boy on a definite route within a definite territory. He was paid a stated sum each month for the services rendered and his duties in every respect ceased each day upon the last delivery being made. He was injured by a traffic collision within his working territory. The route and the method of distribution were laid out by and were under the control and direction of the employer and the employee was required to deliver newspapers in accordance with the instructions given him by his employer. The court held that the relationship of employer-employee existed and that the newsboy remained within the protection of the Compensation Act. The facts are almost identical with those in El v. Newark Star-Ledger, supra.
*459 I therefore conclude that the infant petitioner was an independent contractor and therefore not an employee of the respondent within the provisions of the Workmen's Compensation Act.
Moreover, N.J.S.A. 34:15-36 also provides as follows:
"A person engaged in the vending, selling or offering for sale or delivering directly to the general public newspapers, magazines or periodicals or acting as sales agent or distributor as an independent contractor of or for any such newspaper, magazine or periodical shall not be considered an employee within the provisions of this chapter."
In the case of Crawford v. Newark Star Publishing Co., supra, Chief Justice Brogan said:
"The act is in the disjunctive and its provisions are separable. It is the first portion of the statute that needs consideration since, plainly, the petitioner was not delivering newspapers to the general public, nor was he acting as sales agent or distributor as an independent contractor. Was he therefore engaged in vending, selling, or offering for sale, any newspaper, magazine, or periodical, within the meaning of the statute?"
The petitioner would want this statute to be construed as follows: "A person engaged in the vending, selling or offering for sale, or delivering directly to the general public, newspapers, magazines or periodicals of or for any such newspaper, magazine or periodical, shall not be considered an employee within the provisions of this chapter." This is contrary to the clear import of the statute and contrary to the decision of Chief Justice Brogan in the Crawford case, supra. It is my opinion that any person engaged in the vending, selling or offering for sale, or delivering directly to the general public, newspapers, magazines or periodicals for any one is not considered an employee within the provisions of N.J.S.A. 34:15-36, supra, of the Workmen's Compensation Act.
In view of my conclusions it is not necessary to determine the question of double compensation.
The judgment below is therefore affirmed.