51 N.J. Super. 77 (1958)
143 A.2d 6
WILBERT H. HARRISON, PETITIONER-RESPONDENT,
v.
FLOYD FOSTER, TRADING AS FOSTER'S TAVERN, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Passaic County Court.
Decided June 24, 1958.
*78 Messrs. Lesnik & Amoscato, attorneys for petitioner-respondent (Mr. Irving J. Soloway, appearing).
Mr. Arnold M. Smith, attorney for respondent-appellant.
COLLESTER, J.C.C.
This is an appeal from a decision rendered by the Division of Workmen's Compensation awarding compensation to the petitioner.
The sole issue raised on the appeal is the contention by the respondent that the petitioner did not establish by the preponderance of the evidence the relationship of employer-employee required under the statute to warrant an award for workmen's compensation. N.J.S.A. 34:15-1 et seq.
A review of the transcript results in the following findings of fact:
The petitioner, a musician playing several musical instruments as a "one man band," was hired by the respondent in February 1957 to work in the latter's tavern on Passaic Street, Passaic.
On May 4, 1957 the petitioner sustained an injury to his face when he was struck by the respondent's son, Marion Foster, when the latter was serving as a bartender in the tavern.
The evidence shows that petitioner was hired at a salary of $175 a week and he was to work specific evenings each week at certain designated hours entertaining the patrons of the defendant's tavern as a musician and singer. The respondent placed certain advertisements in the window of his tavern publicizing the petitioner.
Upon commencement of his employment the respondent gave instructions to the petitioner as to the kind of clothes he should wear and the type of music and songs he should *79 play and sing. He was directed to mingle with the patrons during the "break" periods and to play the music and songs the patrons requested.
On one occasion he was directed by the respondent to fix the microphone and to install the loud speakers to be set up therein.
After commencing his employment, petitioner's hours of work for Sundays were changed by the respondent.
On occasion the respondent would direct the petitioner to play certain songs which respondent desired to be played and on occasion directed the volume of music to be sent through the microphone and loud speakers.
Petitioner testified that he was hired to take orders "just like any other job."
The respondent admitted in the course of his testimony that no agreement concerning the details of petitioner's job were discussed at the outset of their relationship and further admitted that petitioner played the songs and music requested by his patrons as part of his work.
The Deputy Director determined as a fact that the respondent not only retained the right to direct and control the work of the petitioner but did, in fact, actually direct and control the same.
This matter comes before this court as a trial de novo "providing a new mind for the consideration of the testimony adduced" at the hearing before the Deputy Director. Gaeta v. Scott Paper Co., 14 N.J. Super. 261 (App. Div. 1951); Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363 (App. Div. 1951); Gagliano v. Botany Worsted Mills, 13 N.J. Super. 1 (App. Div. 1951); De Monaco v. Renton, 32 N.J. Super. 450 (Cty. Ct. 1954).
While the findings of the Division of Workmen's Compensation are not controlling upon this court, it is obliged to give due regard to the Deputy Director's findings and to his opportunity to judge the credibility of the witnesses. Zaklukiewicz v. Western Electric Co., 16 N.J. Super. 189 (App. Div. 1951); Folsom v. Magna Manufacturing Co., supra; De Monaco v. Renton, supra.
*80 The former Court of Errors and Appeals in Errickson v. Schwiers Co., 108 N.J.L. 481 (1931), stated:
"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.
The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done."
In Russell v. Torch Club, 26 N.J. Super. 75 (Cty. Ct. 1953), it was held that the test is "who had the right to control, or actually did control, the operation." See, also, Steel Pier Amusement Co. v. N.J. Unemployment Compensation Commission, 127 N.J.L. 154 (Sup. Ct. 1941); Reisman v. Public Service Corporation, 82 N.J.L. 464 (E. & A. 1911); Radio City Music Hall Corp. v. United States, 50 F. Supp. 329 (D.C.S.D.N.Y. 1942).
The evidence presented in the case sub judice indicates that the respondent retained the right to direct the manner in which petitioner's services were to be rendered and that respondent not only had the right to control but, in fact, did control petitioner's work.
The court finds as a fact that the petitioner was an employee of the respondent and was engaged in the course and scope of his employment at the time he sustained injury. This being so the petitioner will be awarded compensation as follows:

 Temporary disability 
 3 weeks at $40 per week, totalling ... $120.00
 Permanent disability 
 82 1/2 weeks at $35 per week,
 15% of partial, total ................ 2,887.50

The judgment of the Division of Workmen's Compensation in all other respects is affirmed.