SAMUEL E. ERRICKSON ET UX., APPELLANTS, v. F. W. SCHWIERS, JR., COMPANY, A CORPORATION OF THE STATE OF NEW YORK, RESPONDENT.

Argued October 22, 1931—Decided February 1, 1932.

For the appellants, *Samuel Morris.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

TRENCHARD, J. This suit was brought to recover compensation for injuries received by the plaintiff below, Samuel Errickson, an employe of the Hill Dredging Company, while engaged in the service of that company.

The trial resulted in a nonsuit and the plaintiff appealed from the judgment entered thereon.

The situation was this:

The Hill company rented from the defendant corporation a derrick to be used in transferring lumber belonging to the Hill company from the wharf of the latter company to its barge moored to the wharf for the purpose of receiving the lumber. By the terms of the contract between the two corporations, the defendant was to furnish not only the derrick for the use of the Hill company, but also a man to operate it, for whatever use the Hill company saw fit to make of it, the compensation being at a fixed rate per hour as and when used. The plaintiff was one of the Hill company's employes whose business it was to stand on the barge and see that the lumber was deposited in the particular places which were pointed out by the manager of the Hill company. The routine was this: The lumber while on the wharf was wrapped in a chain by the employes of the Hill company, they determining the amount of lumber in the bundle and being responsible for its proper fastening together. After this was done, one of the employes of the company signaled to the man who was operating the derrick to start the derrick for the purpose of raising the bundle of lumber from the wharf and swinging it over in the direction indicated by the Hill company's manager. The operator of the derrick obeyed this order, swung the lumber over to the place indicated and there laid it down. On the occasion of the plaintiff's injuries, pursuant to this routine, the lumber was wrapped and fastened

and the signal to raise and swing it was given, but the lumber was not properly and securely wrapped in the chain by the Hill company's employes, and became loose from the chain and caught on the side of the barge. The plaintiff then went over to attempt to release it, and while there the lumber fell on him inflicting the injuries for which this suit was brought.

We find no fault with the nonsuit.

The gravamen of the complaint was that the defendant corporation was an independent contractor and by its servant negligently hoisted and swung the lumber which had been so negligently fastened that it fell and injured the plaintiff.

We believe that the nonsuit might well have been rested upon what seems to be the fact that there was no evidence of negligence upon the part of the operator of the derrick. As we see it, the only evidence of negligence was as to the imperfect and careless wrapping and fastening of the bundle of lumber in the chain, and that was done by the employes of the Hill company.

But the trial judge based the nonsuit upon the fact that by the undisputed evidence the defendant corporation was not operating the derrick as an independent contractor; that the derrick and its operator were at the time in the employ and under the control of the Hill company, plaintiff's employer, and that, therefore, the plaintiff could not recover for his co-servant's negligence, if any.

We think that was right and we are satisfied to rest it there.

An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.

The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done. *Reisman* v. *Public Service Corp.,* 82 *N. J. L.*

464; *Courtinard* v. *Gray Burial, &c., Co.*, 98 *Id.* 493; *Kappertz* v. *The Jerseyman, Ibid.* 836; *Lacombe* v. *Cudahy Packing Co.*, 103 *Id.* 651; *Giroud* v. *Stryker Transportation Co.*, 104 *Id.* 424.

It will be seen, therefore, that the ultimate question in this case is, who had control of the operation.

We think it clearly appears by the undisputed evidence that the movement of this lumber by the use of the derrick was controlled by the employes of the Hill company. The defendant corporation exercised no control whatever over the operator of the derrick, nor over the operation of the derrick. The employes of the Hill company, and they alone, determined the amount of lumber to be included in each load, prepared and wrapped and fastened it in a chain, determined the security of the wrapping and fastening, and indicated when the load was to be moved and where it was to be placed. The derrick operator had nothing whatever to do with moving the lumber other than to obey the signals given him by the Hill company's employes, operating the derrick only as and when they told him to do so. We therefore think that the defendant was not an independent contractor and that the operator of the derrick was a fellow employe of the plaintiff, and, if negligent in that operation, his negligence cannot be charged against the defendant corporation.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.