New Jersey Department of Labor,
Workmen's Compensation Bureau.

WILBUR GILDERSLEIVE, PETITIONER, v. BURLINGTON TEXTILE MILLS, INCORPORATED, RESPONDENT.

Decided September 3, 1935.

For the petitioner, *Josephson & Josephson.*

For the respondent, *Horace G. Brown.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

This matter came on for a hearing before me on the question of liability, it being stipulated that the question of the extent of the disability shall be determined at a later hearing in the event that the question of liability is decided in favor of the petitioner.

With regard to this claim there is no dispute as to the occurrence of the accident on November 8th, 1934, and that the rate of wages to be paid was $22 per week. These facts being agreed upon by the petitioner and respondent.

The petitioner set forth in his petition, and supported by his testimony at the hearing, that he was engaged by the respondent to perform various kinds of work, in and about the respondent's factory premises. That the respondent would advise him what he wanted done, furnish him with all the necessary tools and materials, and that in his absence

the superintendent of the respondent would take care of these matters. He further alleged and testified that he was to work eight hours per day, five and one-half days per week, and be paid for the services rendered at the rate of fifty cents an hour, which would be the sum of $22 per week. That in pursuance to the above arrangements, he commenced the employment, and was advised by the respondent what he should do, which work he carried on until the date of the accident aforementioned.

The said accident occurred while he was in the act of making repairs to the chimney on the roof of the factory premises, which repairs he was instructed to make by the respondent, the petitioner falling to the ground below as a result of the ladder slipping off the roof. The ladder in question having been furnished to the petitioner by the respondent.

The respondent sets up in its answer that the petitioner was not injured in an accident arising out of and in the course of his employment, within the meaning of the Workmen's Compensation act aforesaid, in that the petitioner was an independent contractor at the time of the accident. The question therefore in the case *sub judice* is whether or not petitioner was an independent contractor.

Independent contractor is defined as one who carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished but only as to the result of the work. *Errickson* v. *F. W. Schwiers Jr. Co. (Court of Errors and Appeals)*, 108 *N. J. L.* 481; 158 *Atl. Rep.* 482; *Reisman* v. *Public Service*, 82 *N. J. L.* 539; 81 *Atl Rep.* 840.

The questions to be determined in deciding whether one is an independent contractor or an employe, are:

1. Who has the general control of the work?
2. Who has the right to direct what shall be done?
3. Who shall do it and how it shall be done?

If the answer to these queries show that this right remains in the employer, the relation of the independent contractor does not exist between the contractor and the employe, on

the other hand, if the employe has not this privilege it does not exist.

In determining whether or not one is an independent contractor we must also consider the conduct of the parties.

In the case *sub judice* the employe did not carry on an independent business. He was employed at various places as a laborer. While his occupation was that of the skilled class he, owing to economic conditions, accepted any available employment.

The respondent assumed general control of the work but because of his lack of knowledge of the type of work to be done left its performance to the petitioner because of his skill and judgment as a mechanic, without restrictions upon the means to be employed in doing the work. Respondent assumed supervision as to the result to be accomplished. Petitioner was paid on an hourly basis and there was no definite arrangements as to length of employment. It would appear that he was to continue the employment for an indefinite period.

In view of the aforestated facts and circumstances, I find that the petitioner was not an independent contractor, but that the relationship of master and servant existed as defined in the act.

I, therefore, find that the petitioner on November 8th, 1934, was in the employ of the respondent, that on that date he sustained an accident arising out of and in the course of his employment, and that the respondent had knowledge of the accident within the time prescribed by the statute.