BANNER THOMAS, PLAINTIFF, v. DENNIS L. LLOYD GREEN, EUGENE MONTIETH, CHESTER SKIBRA, JAMES LONG AND HOY T. WHITTLE, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Argued September 9, 1947—Decided April 9, 1948.

For the plaintiff, *Samuel W. Strauss*.

For the defendants, *William K. Dickey, Jr.*

BURLING, J. This is an action at law sounding in tort based upon the alleged actionable negligence of the defendants resulting in property damage to the automobile of the plaintiff.

It is admitted all defendants at the time of ·the event (October 22d, 1946) and the commencement of this cause of action (January 29th, 1947) were non-residents and in the military service of the United States of America, to wit, in the United States Navy (plaintiff's petition for appointment of attorney pursuant to the provision of *U. S. C. A. Title* 50, *Appendix Art.* 520, *p.* 132).

Appointment was made by the court of William K. Dickey as attorney for said defendants and the action was stayed for a period of thirty days to afford an opportunity to said attorney to examine into the facts and law of this case and determine such course of action as he should pursue to protect the interests of the defendants.

Motion has been made on behalf of the defendants for an order to set aside the service of process upon the defendants on the ground that such service is defective, the same not being in accordance with the statute in such case made and provided.

The automobile was alleged to have been operated in negligent manner by the defendants or by one of the defendants as the agent for the remaining defendants. It was the property of the plaintiff, a resident of the State of New Jersey and it was duly registered in New Jersey.

The service was made upon the Commissioner of Motor Vehicles. The plaintiff rests his right to jurisdiction over the person of the defendants upon the statute found in *R. S.* 39:7-2.

The contention of the defendants finds support in the case of *Josephson* v. *Siegel* (*Supreme Court,* 1933), 110 *N. J. L.* 374. Essential prerequisites to the validity of the attempted service were that the defendants were the chauffeurs, opera-

tors or owners of a motor vehicle not having a New Jersey registration or license.

The service is defective and set aside. Jurisdiction was not acquired. The statute is to be strictly construed and strictly complied with as it is· in derogation of the common law.

Appropriate rule may be presented.