7 N.J. Super. 88 (1950)
72 A.2d 214
ANNA E. GEARY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF VERNON GEARY, DECEASED, PLAINTIFF-APPELLANT,
v.
SIMON DAIRY PRODUCTS COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1950.
Decided March 22, 1950.
*89 Before Judges JACOBS, EASTWOOD and JAYNE.
Mr. Robert B. Meyner, attorney for plaintiff-appellant, argued the cause.
Mr. David I. Stepacoff argued the cause for the defendant-respondent (Mr. John H. Pursel, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
Plaintiff, Anna E. Geary, administratrix ad prosequendum of the estate of Vernon Geary, deceased, appeals from a directed verdict in favor of defendant, Simon Dairy Products Company (hereinafter referred to as "Simon Dairy"), on the ground that there was a disputed factual issue which the court should have submitted to the jury for its determination.
Plaintiff's action is grounded on the alleged negligence of defendant, Theodore Kaminski, an employee of defendant, Anton Miller, who was operating Miller's truck at the time of the accident in question, while transporting milk for the Simon Dairy under a contract between Miller and Simon Dairy. Plaintiff instituted suit against Miller and Kaminski, neither of whom defended. A second suit was then instituted *90 against Simon Dairy and Helen Miller Fuge, both of whom defended. The two actions were tried together, the one against Miller and Kaminski being limited to an assessment of damages. At the conclusion thereof, the Law Division granted defendant's motion for a directed verdict in favor of defendants, Helen Miller Fuge and Simon Dairy. No appeal was taken from the directed verdict in favor of the defendant, Helen Miller Fuge.
Plaintiff contends that the court erred in its directed verdict on the ground that the relationship between the parties was master-servant principal-agent or, "Even if there were an independent contractor relationship, Simon Dairy is as a matter of law liable to the plaintiff for negligence in exercising its powers of control."
On March 21, 1947, Simon Dairy, engaged in the retail milk business, executed an agreement with Miller who conducted a hauling business, for the exclusive haulage of its milk in truck to be supplied by Miller from Port Murray, New Jersey, to its place of business at Perth Amboy, for a term of three years, at $25 per day. The truck was purchased from Simon Dairy Products Company and its name was painted thereon, but its ownership was listed in the name of Miller's daughter, Helen Miller Fuge, who, to assist her father, took title to it and, as security for its purchase price, executed a chattel mortgage and a mortgage on her real property, the latter being also conditioned for the safe carting of milk, bottles and boxes. Miller was required to provide cargo insurance and to pay for gas, oil, tires, repairs and upkeep of the truck. Miller agreed to operate the truck and if for causes beyond his control he was unable to do so, he was to engage another driver, acceptable to Simon Dairy, and if unacceptable, it reserved the right to engage an outside driver and deduct the cost thereof from Miller's account. Miller operated the truck for about a year and then substituted in succession two other drivers who were not satisfactory to the defendant, whereupon a third driver, Theodore Kaminski, was engaged by Miller and approved by Simon Dairy. Kaminski had been working for Miller about a year prior to the *91 accident. Because of needed repairs, four days before the accident, Miller substituted, with Simon Dairy's approval, the truck that Kaminski was operating when the collision occurred.
Plaintiff asserts that where, as here, the legitimate inferences to be drawn from the facts are conflicting, the question as to the master-servant relationship should be submitted to the jury for determination. It is an equally authoritative principle of law that "* * * Where the inference is clear that there is, or is not, a master and servant relationship, it is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered." Restatement of the Law of Agency, c. 7, § 220 (b), pp. 484, 485. Courtinard v. Gray Burial and Cremation Co., 98 N.J.L. 493 (E. & A. 1923). Our review of the record convinces us that there is no conflict as to the facts nor the legitimate inferences to be drawn therefrom. Consequently, the issue resolves itself into the legal construction to be placed thereon. The court properly determined that under the testimony, granting plaintiff all of the favorable inferences and implications to which she was entitled, the relationship of master-servant or principal-agent did not exist; that it was one of independent contractor. Plaintiff argues that "a master-servant relationship clearly existed as a matter of law between Simon Dairy and Miller by reason of the control reserved by contract and exercised in fact over the services of Miller (and driver), which services were rendered exclusively to Simon Dairy and constituted an integral part of its milk-dealing operations." In support thereof, plaintiff points to the provision of the contract respecting the substitution of another driver by Miller in the event he became unable to continue the operation of the truck himself, and also to the evidence of instructions or directions given to Miller and his driver respecting the loading, unloading and icing of the milk, and some chores performed at Simon Dairy's plant when the milk was unloaded. Kaminski was unquestionably Miller's employee  he hired him, he took his orders from him, his wages were paid by Miller and withholding taxes were *92 deducted therefrom by Miller. As stated by Mr. Justice Katzenbach, in Lacombe v. Cudahy Packing Co., 103 N.J.L. 651 (E. & A. 1927):
"* * * While in the present case more directions were given to the driver than in the Courtinard case, this does not differentiate the cases. It is merely a difference of degree, not of kind. The controlling question is, Who was in control and operation of the vehicle at the time the accident occurred? The one who is in control and operation, either personally or by a servant, is the one who must respond in damages to the person injured if negligent operation of the vehicle is proven. * * *"
Nor were the parties under any misapprehension as to the relationship they were creating by their contract, Miller being specifically designated as "independent contractor." The provisions of the agreement and the conduct of the parties in its performance lend emphasis to the existence of that relationship at the time of the accident. See Restatement of the Law of Agency, c. 7, § 220 (1) and (2a-i), p. 483.
Any inference deducible from the fact that the name, Simon Dairy, was painted on the truck, was wiped out by the uncontradicted evidence that Simon Dairy neither owned the truck nor exercised any control over its operation that could ascribe to it the relationship of master and servant. Busch v. Seaboard By-Product Coke Co., 100 N.J.L. 304 (E. & A. 1924).
Simon Dairy does not dispute the legal principle contended for by plaintiff in the cases she relies upon, but insists they are distinguishable from the case under review, in that the cited cases involved situations where there were factual disputes or conflicting inferences to be drawn therefrom and the issue was, therefore, properly submitted to the jury. We concur in that point of view and, consequently, it is not essential that we discuss the cases relied upon by plaintiff.
Plaintiff contends that the three cases relied upon by the Law Division, viz.: Courtinard v. Gray Burial & Cremation Co., supra; Busch v. Seaboard By-Product Coke Co., supra; and Lacombe v. Cudahy Packing Co., supra, are not inconsistent with her contentions, and that the master-servant *93 relationship depends upon the factual situation of each case. We think that is true, and in view of the agreed factual picture here, we are satisfied that the Courtinard case states the correct principle of law, to wit:
"* * * it is manifest from the undisputed facts in the record, that the defendants, Caseys, neither hired, directed nor controlled the driver; nor did they exercise over him power, authority or supervision, more than to impart to him, as was done in the Steinbrenner case, the particular purpose and object of his employment, leaving to him the exclusive management, itinerary direction and control of the vehicle, which factors, as we have observed, present the substantial inquiries and determinative tests for ascertaining the existence of the legal relationship of master and servant, and consequent liability thereunder."

* * * * * * *
"* * * But like all other factual inquiries there must be testimony in the case upon which the submission of that question to the jury can be legally predicated; and where, as in the case at bar, no such testimony is apparent, a nonsuit or a direction of a verdict becomes the logical and legal alternative."
The "* * * `elements of hiring, control, direction and power of dismissal are made distinct ratio decidendi and present the fundamental tests of liability * * * under the legal status test of master and servant.' * * *" Lacombe v. Cudahy Packing Co., supra. Under the evidence here, plaintiff has not successfully met the required test of liability chargeable to Simon Dairy.
The judgment of the Law Division is affirmed.