CARMIN LAROCCA AND HELEN LAROCCA, PLAINTIFFS-RESPONDENTS, v. AMERICAN CHAIN AND CABLE COMPANY, INC., CHARLES DeWITT, *ET AL.*, DEFENDANTS, AND RICHARD A. ENCH, DEFENDANT-APPELLANT.

Argued June 9, 1953—Decided June 22, 1953.

*Mr. Robert Shaw* argued the cause for the appellant (*Messrs. Shaw, Hughes & Pindar*, attorneys).

*Mr. Harry Chashin* argued the cause for the respondent (*Messrs. Hyman W. Rosenthal* and *Max D. Forrest*, on the brief; *Messrs. Marcus & Levy*, attorneys).

The opinion of the court was delivered by

BURLING, J. This is a civil action, sounding in tort. The present appeal stems from a judgment in favor of the defendant Richard A. Ench, trading as Rae Construction Co. (hereinafter called Ench), entered in the Superior Court, Law Division. The judgment effected involuntary dismissal of the claim of the plaintiff Carmin Larocca against Ench. Upon appeal the Superior Court, Appellate Division, reversed this judgment and ordered a new trial. 23 *N. J. Super.* 195. Certification was allowed on Ench's petition therefor. 11 *N. J.* 496 (1953).

The plaintiff Carmin Larocca was employed by Timber Structures, Inc., a manufacturer of roof trusses. Timber Structures, Inc., had contracted to place roof trusses in a building in Paterson, and in the course of the performance of its contractual obligations it entered into an agreement with Ench, who was in the construction business, whereby a crane was rented from Ench for the purpose of raising the roof trusses into position.

During the course of the task of raising a truss, Carmin Larocca suffered injuries. He instituted suit against Ench (owner of the crane), Charles DeWitt (employee of Ench and operator of the crane at the time Larocca was injured), and American Chain & Cable Company, Inc. (a manufacturer of steel cable). Helen Larocca, wife of Carmin, joined in the complaint, alleging loss of consortium. Before trial the plaintiffs' action was dismissed with respect to their claims against American Chain & Cable Company, Inc. At the trial the remaining defendants moved for judgment of involuntary dismissal of plaintiff Helen Larocca's claims.

This motion was granted and judgment was entered against Helen Larocca.

The trial proceeded on the claims of Carmin Larocca against Ench and DeWitt. At the close of the entire reception of evidence, the plaintiff moved for judgment of voluntary dismissal as to the defendant DeWitt. The motion was granted and judgment entered thereon. It is noted however that the trial court had denied defendant DeWitt's motion for judgment (also made at the close of defendant's case) and held that there was sufficient evidence to go to the jury on the question of DeWitt's negligence. Ench had moved for judgment of dismissal of Carmin Larocca's suit at the close of the plaintiff's case. The trial court had granted Ench's motion on the premise that as a matter of law the relationship of master and servant did not exist between the crane operator, DeWitt, and Ench at the time the injury occurred.

Plaintiffs Carmin and Helen Larocca both appealed to the Superior Court, Appellate Division, from the judgment of the Law Division, "except so much thereof as grants judgment in favor of the defendant Charles DeWitt against the plaintiff Carmin Larocca." The appeal resulted in affirmance of the judgment of the Law Division as to plaintiff Helen Larocca and as to the plaintiff Carmin Larocca except with respect to the dismissal of his claim against Ench. That portion, the judgment of dismissal in favor of the defendant Ench in the action of Carmin Larocca, was reversed and a new trial therein was granted.

No appeal or petition for certification appears to have been filed by Helen Larocca seeking review of so much of the judgment of the Superior Court, Appellate Division, as was adverse to her. Consequently we have no occasion to consider the determination of the Appellate Division in that connection.

The defendant Ench petitioned for certification to review the judgment of the Appellate Division insofar as it ran in favor of the plaintiff Carmin Larocca. As hereinbefore stated, Ench's petition was granted and certification as sought therein was allowed. 11 *N. J.* 496 (1953).

The questions involved on this appeal are: (a) whether there was sufficient evidence introduced to permit a jury to find that DeWitt was negligent in the performance of his duties in connection with the operation of the crane, and if so, (b) whether the trial court erroneously determined as a matter of law that temporarily (*i. e.*, at the time of Carmin Larocca's injury) the relationship of master and servant did not exist between the crane operator, DeWitt, and the defendant Ench.

 The fundamental principles pertinent to this case are that negligence must be proved and will not be presumed; that while proof of certainty is not required, the evidence must be such as to justify an inference of probability as distinguished from the mere possibility of negligence on the part of the defendant; and that a motion for a judgment of dismissal admits the truth of the plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom which is favorable to the plaintiff and denies only its sufficiency in law. These principles are settled. *E. g., Callahan v. National Lead Co.*, 4 *N. J.* 150, 153–155 (1950).

██ Application of these principles indicates that the trial court correctly ruled on defendant Ench's motion (as well as on defendant DeWitt's motion) that there was evidence from which a jury might find negligence on the part of the crane operator, DeWitt. There is evidence that DeWitt assured the job foreman Schmidt (a Timber Structures, Inc. employee) that a "single whip," or 1-part line, was adequate to lift the specific load involved although Schmidt suggested a "double whip" or 2-part line; that DeWitt also controlled the location of the lifting sling as related to the center of the truss to be raised; that Schmidt asked DeWitt to raise the load "easy" but the latter raced the motor of the crane, released the cable brake and engaged the lift with a jerk at which time the cable broke, resulting in plaintiff Larocca's fall to the ground and injury. These examples are illustrative of the evidence upon which a finding of probability of DeWitt's negligence is justified. Therefore the fact thereof should have been determined by the jury. The ruling of the

trial court in that respect on Ench's motion for judgment of dismissal would have resulted in that course of procedure.

The insistence of the defendant Ench on the second question involved is that at the time of the injury the relationship of master and servant had temporarily ceased to exist between Ench and DeWitt because Ench had no control over the operation.

In the case of *Younkers v. Ocean County*, 130 *N. J. L.* 607, 608 (*E. & A.* 1943), the general rule was stated to be that "The question of whether the general employer, or the specific employer is the master turns upon the decision as to who has the right to exercise control over the servant."

Other relevant indicia were held in the *Younkers* case, *supra*, to be "hiring, control, direction and power of dismissal," and the following quotation from the *Restatement of the Law of Agency, sec. 227, comment (b)*, is cited in the *Younkers* case, *supra* (130 *N. J. L.*, at *p.* 610) with approval:

"In the absence of evidence to the contrary, there is an inference that the actor remains in his general employment so long as, by the service rendered another, he is performing the business entrusted to him by the general employer. There is no inference that because the general employer has permitted a division of control, he has surrendered it."

Resort to the dissection of the numerous cases upon this question is not essential to the determination of the question involved herein. However these tests have been variously applied in a long list of decisions, for instance: *Delaware, L. & W. R. R. Co. v. Hardy*, 59 *N. J. L.* 35, 38–40 (*Sup. Ct.* 1896), affirmed on Justice Magie's opinion in the former Supreme Court, 59 *N. J. L.* 562 (*E. & A.* 1896); *Reisman v. Public Service Corporation*, 82 *N. J. L.* 464 (*E. & A.* 1911); *Courtinard v. Gray Burial, &c., Co.*, 98 *N. J. L.* 493, 496–497 (*E. & A.* 1923); *Busch v. Seaboard By-Product Coke Co.*, 100 *N. J. L.* 304, 306–308 (*E. & A.* 1924); *Lacombe v. Cudahy Packing Co.*, 103 *N. J. L.* 651, 653–657 (*E. & A.* 1927); *Giroud v. Stryker Transportation Co.*, 104 *N. J. L.* 424, 426–428 (*E. & A.* 1928); and *Errickson v. F. W. Schwiers Co.*, 108 *N. J. L.* 481, 484 (*E. & A.* 1932).

The following quotation from *Standard Oil Co. v. Anderson*, 212 *U. S.* 215, 225–226, 29 *S. Ct.* 252, 53 *L. Ed.* 480, 485 (1909), seems to be apposite:

"The giving of the signals under the circumstances of this case was not the giving of orders, but of information; and the obedience to those signals showed co-operation rather than subordination, and is not enough to show that there has been a change of masters."

In the present case, Ench testified (on deposition, introduced in evidence as a part of plaintiff's case) that the crane was valuable property and he would not rent it without an operator; that the rental agreement included an operator; and that DeWitt was assigned to the specific job by Ench or "somebody through (his) organization." Hereinbefore recited were further illustrative examples of evidence which would permit a reasonable inference that although directions as to some features of the operation were taken by DeWitt from Schmidt, the control of the crane and its work was retained by DeWitt acting in his capacity as Ench's employee.

Under the circumstances of the present case, there was insufficient evidence of complete transfer of control of DeWitt's performance of his duties from Ench to Timber Structures, Inc. This posture of the evidence was such that the question of the master and servant relationship between DeWitt and Ench was not determinable as a matter of law. We are of the opinion that the trial court should have submitted this question to the jury. *Cf. D., L. & W. R. R. Co. v. Hardy, supra* (59 *N. J. L.*, at *pp.* 36, 39–40).

For the reasons expressed in this opinion the judgment of the Superior Court, Appellate Division, in the matter of *Carmin Larocca v. Richard A. Ench*, is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.