### ARNDT v. MITCHELL CADILLAC RENTAL, Inc. et al.

#### Civ. No. 454.

United States District Court
D. New Jersey.

Oct. 8, 1953.

534

Reynier J. Wortendyke, Jr., Newark, N. J., for the motion.

Sidney C. Swirsky and Samuel H. Nelson, Newark, N. J., for plaintiff.

Harkavy & Lieb and Abraham Harkavy, Newark, N. J., for defendants Mitchell Cadillac Rental, Inc. and Frederick H. Stueck.

FORMAN, Chief Judge.

Emil Arndt, the plaintiff, instituted this suit to recover damages for personal injuries sustained when he was struck by an automobile owned by one of the defendants, Mitchell Cadillac Rental, Inc. (hereinafter called Mitchell), and operated by its driver, another defendant, Stueck. The complaint insofar as it pertains here in Count 3 alleges that on December 17, 1951, an automobile was being driven along Route No. 29, Township of Bridgewater, Bound Brook, New Jersey, by an agent and servant of Vanadium Corporation of America (hereinafter called Vanadium), and was being used in the business of said defendant and that the defendants, Ward A. Miller, George H. Haley, Gustav Laub and William Keeley, allegedly certain employees, officials and agents of said defendant Vanadium, were riding in the automobile and exercising direction and control over the use and operation of it for its business. In count 4 Miller, Haley, Laub and Keeley were charged with operating the motor vehicle negligently by their servant and agent.

The defendants Vanadium, Miller, Haley, Laub and Keeley have moved to dismiss the complaint as to them under

Rule 12(b) (2)[1] of the Federal Rules of Civil Procedure on the ground that this court has not acquired jurisdiction over them due to the fact that service of process upon them was not made in accordance with the provisions of Rule 4(d) (7)[2] of the Federal Rules of Civil Procedure.

All of the defendants are non-residents of the State of New Jersey and were served with process through the Director of the Division of Motor Vehicles, pursuant to Title 39, Chapter 7, § 2(b) of the Revised Statutes of New Jersey,[3] N.J.S.A.

Since it is undisputed that the defendant Stueck was an employee of the defendant Mitchell the rules of law applicable to the principles of the "borrowed servant" and of respondeat superior come into question in determining whether there was compliance with the said statutes.

■ In the case of Courtinard v. Gray Burial, etc., Co., E. & A.1922, 98 N.J.L. 493, 121 A. 145, the defendants, Caseys, were undertakers and hired from the defendant Gray Company, an automobile and driver to go from Plainfield, New Jersey, to a cemetery in Brooklyn, New York. One of the Casey defendants sat in the front seat with the driver but did nothing except to state generally the cemetery objective of the funeral which was to be held. It was held in that case that

"the elements of hiring, control, direction, and power of dismissal * * * present the fundamental tests of the liability of the occupant and hirer of the coach, under the legal status test of master and servant." 98 N.J.L. at page 496, 121 A. at page 146.

Since that case the courts of New Jersey have at least impliedly adopted these standards along with the test of whose service or benefit the actor is furthering.

■ In the case of Younkers v. Ocean County, E. & A.1943, 130 N.J.L. 607, 608, 33 A.2d 898, 899, the court said:

"The question of whether the general employer, or the specific employer is the master turns upon the decision as to who has the right to ex-

---

1. "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person, * * *."

2. "The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows: * * *.

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

3. "(b) Any person or persons, not being a resident or residents of this State or any corporation or association, not incorporated under the laws of this State and not duly authorized to transact business in this State, who by his, their or its agent or servant, shall cause to be driven upon any public highway of this State, any motor vehicle which is not registered in this State to be driven upon the public highways thereof, pursuant to the laws thereof, whether or not the driver thereof shall be licensed to drive a motor vehicle upon the public highways of this State; shall, by the operation of such motor vehicle, or by causing the same to be operated, within this State, make and constitute the Director of the Division of Motor Vehicles in the Department of Law and Public Safety, his or their or its agent for the acceptance of process in any civil action or proceeding * * * against any such person or persons, corporation or association arising out of or by reason of any accident or collision occurring within this State in which any such motor vehicle, so driven or caused to be driven within this State is involved. * * *"

ercise control over the servant. * * * "

■ The latter case cites with approval the following quotation from the Restatement of the Law of Agency:

"In the absence of evidence to the contrary, there is an inference that the actor remains in his general employment so long as, by the service rendered another, he is performing the business entrusted to him by the general employer. There is no inference that because the general employer has permitted a division of control, he has surrendered it." Restatement of the Law of Agency, § 227, comment (b).

The quoted language from the Younkers case was in turn cited with approval by the New Jersey Supreme Court in the recent case of Larocca v. American Chain and Cable Co., 13 N.J. 1, 97 A.2d 680.

■ See Restatement of the Law of Agency, c. 7, § 220(b), pp. 484–5, particularly the following language:

"Where the inference is clear that there is, or is not, a master and servant relationship, it is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered."

See also Geary v. Simon Dairy Product Co., App.Div.1950, 7 N.J.Super. 88, 72 A.2d 214.

Plaintiff cited the cases of Errickson v. F. W. Schwiers, E. & A.1932, 108 N.J.L. 481, 158 A. 482, Delaware, L. & W. R. R. Co. v. Hardy, Sup.Ct.1896, 59 N.J.L. 35, 34 A. 986, and Roberts v. Geo. M. Brewster & Son, Inc., App.Div. 1951, 13 N.J.Super. 462, 80 A.2d 638, for the proposition that a general servant of one may, for a particular work or occasion become, pro tem, the servant of another so as to render the temporary employer liable for his negligence on the theory of respondeat superior.

■ It is conceded that Miller called Mitchell some time before the 17th of December 1951 and requested that a car call for him and an associate at his house. When Stueck arrived at Miller's home he was told by Miller to drive "to Bethlehem, Pennsylvania, to Bethlehem Steel or Vanadium Steel". At that time Miller told Stueck the road that he was to take and during the trip Miller also gave Stueck directions as to which road he was to take. The same procedure was followed on the trip back to New York during which the accident occurred. Miller hired the car for the business of Vanadium and the latter paid the bill to Mitchell.

Under the tests as set down in the cases cited, supra, there is not a sufficient showing of control over the driver, Stueck, either on the part of Vanadium through its agents, or on the part of the individual moving defendants so as to bring them within the application of the doctrine of respondeat superior.

■ None of the moving defendants had the right or power to hire a driver of their choice for the trip. Mitchell supplied the driver with the car. Plaintiff asserts that because Miller instructed Stueck what roads to take he caused the vehicle "to be driven" upon the highways within the meaning of the New Jersey statute authorizing service of process upon the Director of the Division of Motor Vehicles of the State of New Jersey as agent. N.J.R.S. 39:7–2(b), N.J.S.A., supra. It was also disclosed that Miller had frequently hired a car from Mitchell which came supplied with the driver Stueck prior to the date of the accident, the cost of which was borne by Vanadium when its business was involved and by Miller when it was hired for his personal use. Plaintiff argued that in instructing the driver concerning what roads to take, Miller caused the car to traverse busy highways where the incidence of traffic accidents could have been greater than on others. But the mere choosing of a route by Miller neither satisfied the tests for the establishment of a dual master and servant relationship under the New Jersey cases heretofore mentioned, nor did it consti-

tute Miller one who caused the vehicle to be driven upon the highway within the meaning of the statute aforesaid, for Miller had no right to actually control the manner in which Stueck was driving. Stueck stated that he drove at a speed he knew Miller liked to travel and incidentally that was a moderate one. Nor did any of the moving defendants have the power to dismiss Stueck. Stueck was furthering the interest of his employer, Mitchell, rather than that of Vanadium or of the individual defendants.

 We now come to the question of, whether, from the facts as they are set forth in the pleadings, depositions and affidavits, there is a question for a jury to determine or may the complaint be dismissed on motion?

Due cognizance is taken of the principle approved by the Court of Appeals of this circuit that the complaint must be viewed in the light most favorable to the plaintiff and the truth of all facts well pleaded admitted upon a motion to dismiss a complaint, as enunciated in the case of Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580. But that motion was on the ground that the complaint failed to state a cause of action and the affidavits in support of the motion contradicted the facts pleaded in the complaint. In this case the ground of the motion is that the court is without jurisdiction because the defendants have not been properly served. While the complaint pleads the conclusion that the moving defendants were the masters of the driver Stueck the depositions of witnesses called by the plaintiff fail to bear this out. It is beyond dispute that Miller did nothing more than give the driver directions on the route to be travelled by the hired vehicle. Indeed the plaintiff frankly concedes that the three moving defendants, other than Vanadium and Miller, namely; Haley, Laub and Keeley did not even give such directions but were merely passive passengers. There is, in no event, a question to be submitted to the jury since no fact is disputed or contradicted.

The provisions of the New Jersey statute making the Director of the Division of Motor Vehicles the agent upon whom process may be served on all non-residents who cause automobiles to be driven upon the highways of this State are to be strictly construed since they are in derogation of the common law. Thomas v. Green, Sup.Ct.1948, 137 N.J.L. 98, 58 A.2d 539. The undisputed facts do not support the allegation that the moving defendants acted in such manner as to warrant service upon the Director as their agents. Therefore this court has not acquired personal jurisdiction over these defendants pursuant to the provisions of Rule 4(d) (7) of the Federal Rules of Civil Procedure and their motion to dismiss the complaint must be granted.

The motion was resisted by the defendant Mitchell, but it added nothing to the arguments urged by the plaintiff.

An order should be submitted in conformity herewith by the moving defendants.