53 N.J. Super. 122 (1958)
146 A.2d 547
JAMES A. KNIGHT, PETITIONER-RESPONDENT,
v.
HERBERT P. COHEN (INDUSTRIAL LUMBER CO., A PARTNERSHIP), RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided December 5, 1958.
*123 Mr. Herbert Klosk, attorney for the petitioner-respondent.
Mr. Edward B. Meredith, attorney for the respondent-appellant.
GIULIANO, J.C.C.
The petitioner, James A. Knight, was employed by the respondent, Industrial Lumber Co. (hereinafter referred to as "Industrial"), as a truck driver and general yard handyman. His hours of employment there were 8:00 A.M. to 4:30 P.M., five days a week. The petitioner had been employed in this capacity by Industrial for approximately eight years.
The petitioner has, for the last three or four years, also worked for respondent Herbert P. Cohen, one of the two partners constituting Industrial, mowing the lawn and performing similar tasks about Mr. Cohen's residence. This latter employment obviously resulted from a combination of Mr. Cohen's desire to have someone aid with his house *124 chores and the petitioner's desire to supplement his regular income. This supplemental compensation was alleged by the petitioner to be "$25.00 for the grass and I'll pay you for extra things that you do around here." The frequency of the grass cutting depended upon the growth of the lawn.
On Saturday, April 20, 1957, the petitioner went to the home of respondent Cohen in response to a telephone call from Mrs. Cohen, the wife of said respondent. Shortly after he commenced mowing the lawn, and while operating a rotary type power mower on a terrace, the petitioner slipped and fell, one of his feet landing under the whirling blades of the mower, causing serious injury to several toes.
The matter was heard by the Deputy Director on April 23, 1957, and May 4, 1958. After hearing all the testimony, the Deputy Director found that the petitioner had suffered a compensable accident arising out of and in the course of his joint employment with both respondents. He found a judgment of $4,106.69 in favor of the petitioner, and each respondent was assessed one-half of the said total amount.
The respondent, Industrial, brings the instant appeal, denying any liability either jointly or individually. Injuries being admitted by both respondents, the main question for determination here is whether there was a joint employment. The respondent, Herbert P. Cohen, did not appeal, but relies upon the petitioner's contention that the judgment found below should be the judgment of this court.
The petitioner urges the finding of joint employment by virtue of the principle expressed in the case of Cser v. Silverman, 46 N.J. Super. 599 (Cty. Ct. 1957), affirmed per curiam 50 N.J. Super. 125 (App. Div. 1958). In that case the petitioner prosecuted workmen's compensation claims against both Max Silverman, trading as Maxwell Wine Company, and the Kessler Realty Company. The two claim petitions were consolidated for trial, which trial culminated in a finding of joint liability against the aforementioned respondents. Were the facts there analogous to the facts sub judice, that case would be controlling. However, this *125 court finds that there is at least one major distinguishing factor which, while present in Cser, is absent here.
This distinction is that of separate and distinct contracts. The testimony adduced at the hearing of the instant matter showed that: (a) there was a four-or five-year interval between commencing the Industrial employment and the Cohen lawn-mowing job; (b) there were separate types of labor performed; (c) there were different methods of compensation  petitioner received $1.66 per hour for his labors with Industrial, and $25 per month for his lawn-mowing tasks; (d) these separate compensations were paid at different times; (e) the two employments were never performed at the same times of day. The distinguishing effect of such factors is obvious. In Cser the court stated:
"* * * The inescapable fact is that Cser was on duty call to both the corporation and to the individual at all times during the week, as Silverman might from time to time direct. This court cannot ignore the fact * * * that there is absolutely no evidence in this case to the effect that (1) Cser made a contract with Silverman to work for him for $40 per week, and (2) Cser made a contract with Kessler to work for it for $25 per week. From the evidence this court finds that Cser's contract of employment with both respondents was to work for them for $65 per week at such times and places and for such specific tasks as Silverman might from time to time direct." 46 N.J. Super. at pages 601, 602.
The two prime factors of an intermingled work-week and of the absence of separate contracts, so critically applied in Cser, are not present here. For that reason, that decision is not controlling sub judice.
The liability imposed by the Workmen's Compensation Act is one that springs from the contract of employment. R.S. 34:15-36; Essbee Amusement Corp. v. Greenhaus, 114 N.J.L. 492 (Sup. Ct. 1935); Rojeski v. Pennington Dairy Farms, Inc., 118 N.J.L. 335 (Sup. Ct. 1937). It would appear that the most cogent factor in determining whether or not the contractual relationship of master and servant exists within the confines of this legislation is that of control. In a situation analogous to the one presently under consideration, the New Jersey Supreme Court stated:
*126 "The determinative factor as to whether a person is an employee or an independent contractor for the purposes of workmen's compensation is control; the relationship of master and servant exists whenever the employer retains the right to determine not only what shall be done, but how it shall be done." De Monaco v. Renton, 18 N.J. 352, 355 (1955)
In another similar, but earlier, case, Justice Oliphant came to the same conclusion. In Piantanida v. Bennett, 17 N.J. 291 (1955), involving an independent contractor-employee problem, he stated:
"In cases of this type, where the nature of the employment relationship is brought into question, they must be resolved by a balancing of the various elements presented by the entire complex of facts with which the court is confronted. The element of control is the one most stressed in the cases." (Emphasis added) 17 N.J. at page 294.
Control of employment in the instant case rests solely with Mr. Cohen as an individual. There was no evidence of any attempt ever having been made by Industrial's other partner to direct the lawn-mowing and other activities performed by the petitioner at or around the Cohen residence. Indeed, this court believes that Industrial's other partner could not, even had he so desired, legally interfere with the petitioner's lawful labors performed under the supervision of Mr. Cohen.
On the collateral issue of whether the absence of joint employment decreases the compensation rate, the case of Engelbretson v. American Stores, 49 N.J. Super. 19 (App. Div. 1957), affirmed per curiam 26 N.J. 106 (1957), is controlling. There, Judge Francis, writing the majority opinion, stated:
"In seeking the intent of the lawmakers in promulgating N.J.S.A. 34:15-37, we must be mindful that it is remedial social legislation we are interpreting and that all the precedents call for liberal construction in order that its beneficent purposes may be accomplished. Biglioli v. Durotest Corp., 44 N.J. Super. 93, 99 (App. Div. 1957). Nor can we ignore the fact that the ordinary part-time worker today may have full-time employment tomorrow or that a part-time worker (such as a daily houseworker) may have four *127 or five such jobs each week. And an accident suffered in one employment by such person causes pecuniary loss as the result of the consequent physical disability in all the employments or prevents or interferes with later full-time employment." 49 N.J. Super. at page 25.
By such a rule of law, all the petitioner's regular employment wages must be included when determining the rate of compensation to be applied, which in turn results in the maximum assessment rate here.
After careful consideration of all the evidence adduced and arguments presented, this court finds that the petitioner sustained a compensable injury which arose in and out of the course of his sole employment with respondent, Cohen, and assesses the full amount determined by the Deputy Director against such respondent. The petition, insofar as it charges the Industrial Lumber Company with liability, is hereby dismissed.
An appropriate order may be submitted.