**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3494-22

EDWIN LOPEZ,

    Plaintiff-Appellant,

v.

CITY OF PLAINFIELD,

    Defendant-Respondent.

_____

Submitted December 4, 2024 – Decided March 25, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0178-22.

Lord, Kobrin, Alvarez & Fattell, LLC, attorneys for appellant (Craig J. Kobrin, of counsel and on the briefs; Paula C. Nunes, on the briefs).

Rainone Coughlin Minchello, LLC, attorneys for respondent (Thomas Schoendorf, on the brief).

PER CURIAM

Plaintiff, Edwin Lopez, appeals from the trial court's orders of: April 28, 2023, granting defendant's, City of Plainfield's (City) motion for summary judgment and denying his motion to re-open and extend discovery; and June 23, 2023, denying reconsideration of the April orders.[1] Because we conclude the trial court correctly applied well-established law, we affirm.

Plaintiff filed a complaint against the City alleging that, on March 6, 2021 he "was lawfully on . . . premises . . . owned and maintained by" the City and fell because of the City's carelessness and negligence. Plaintiff alleges he "stepped into a sewer hole that was located in a municipal parking lot that had a damaged grate and a sewer cover that had been removed to the side." He also alleges he "sustained significant and severe injuries to his neck, back and left elbow."

The parties agreed to extend the time for discovery until January 30, 2023. On March 23, 2023, the parties participated in non-binding Rule 4:21A-1(a)(2)[2]

---

[1] Plaintiff has not briefed issues regarding reconsideration. Therefore, those issues are deemed waived on appeal. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

[2] Under the Rule, "[e]xcept for professional malpractice and products liability actions, all actions for personal injury not arising out of the operation, ownership, maintenance or use of an automobile shall be submitted to arbitration . . . ."

arbitration. Following arbitration, plaintiff's counsel "reached out to [p]laintiff to discuss the arbitration outcome and review their file." Plaintiff advised counsel that he "recently decided to resume medical treatment." Trial was scheduled for June 26, 2023.

On March 29, 2023, the City moved for summary judgment. Plaintiff did not oppose the motion. However, on the same day, plaintiff moved to "re-open and extend the discovery period." To support plaintiff's motion, his counsel certified that "[a]t the completion of treatment, [he] w[ould] be obtaining additional medical records and reports of the treating physician." Counsel asserted that this "demonstrate[d] exceptional circumstances that would permit the re-opening of discovery." The City opposed the motion.

As to the City's motion for summary judgment, in a written opinion, the trial court detailed the City's position and recited the correct summary judgment standard, as well as the standards under the New Jersey Tort Claims Act (TCA),[3] applicable to the City. The trial court concluded the City had:

> demonstrated that under the TCA, there [we]re no material issues of fact and thus it [wa]s entitled to summary judgment as a matter of law. Specifically, [the City] . . . demonstrated there was no showing the condition of the grate was dangerous; there was no actual nor constructive notice to [the City] of the

[3] N.J.S.A. 59:1-1 to 12-3.

condition of the grate; due to the lack of any notice, there was no showing that [the City]'s inaction regarding [the] grate w[as] palpably unreasonable; and finally there was no showing [p]laintiff suffered severe and permanent injury that altered his daily routine all in accordance with the TCA. Plaintiff did not present any material issues of fact and did not oppose the motion. Therefore, the [City wa]s entitled to judgment as a matter of law.

As to plaintiff's motion to re-open and extend discovery, the trial court denied that motion as "moot" referring to the grant of summary judgment. For guidance, we note the court should have considered the discovery motion first. If the trial court determined discovery should have been extended, it would have denied summary judgment without prejudice, and allowed for discovery to proceed. However, in light of our determination, the court's finding that the extension motion was moot is immaterial.

In denying plaintiff's motion for reconsideration, the trial court stated that in the absence of an expert's report, it would be "speculation" that plaintiff's alleged injuries would satisfy the TCA.

On appeal, plaintiff argues the trial court erred in granting summary judgment because: (1) "[w]hen the parties are conducting discovery or [p]laintiff requires additional treatment, summary judgment is premature"; (2) "[t]he rules of court indicate that summary judgment is only to be decided when

A-3494-22

discovery is at an end. In this case, additional discovery was needed"; (3) "[t]he motion to extend discovery was meant to be submitted as a cross[-]motion or opposition to the summary judgment motion as it was germane to the issues pending before the court on summary judgment"; and (4) he has proven material issues of fact for each of the elements under the TCA because:

> an uncovered sewer is a dangerous condition created by the negligence of [the City]'s employee or which should have been discovered by the [City] if they conducted regular inspections of their property as they have a duty to do. Here, the sewer cover had been removed, most likely by municipal employees, because the fire department had to be called to re-install the sewer cover. The sewer grate was also damaged. As a result, plaintiff fell into the exposed hole. Plaintiff had obtained treatment but was in the process of getting more treatment.
>
> . . . .
>
> The present case concerns a serious defect involving an uncovered sewer. The defect was the result of negligent conduct during which an individual removed the sewer cover and failed to replace it, thereby exposing the sewer opening and creating a dangerous condition. [The City] is charged with the duty to investigate and inspect their own property and make sure it is safe for public use.

Aside from alleging the City had actual notice of the condition—because the "sewer cover had been removed, most likely by municipal employees"—

plaintiff alleges the City had constructive notice of the dangerous condition because it existed for "more than just a while."

Moreover, plaintiff argues the trial court erred in denying his motion to re-open and extend discovery because he "had obtained treatment but was in the process of getting more treatment," so "[a]dditional discovery was needed to permit the treatment to take place" and "depositions of defendant were needed."

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019). Under Rule 4:46-2(c),

> [t]he judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J.

6

282, 293 (2001)).  The Rule requires the movant to serve with its brief supporting the motion

> a separate statement of material facts . . . .  The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted.
>
> [R. 4:46-2(a).]

Moreover, the party opposing the motion "shall file a responding statement either admitting or disputing each of the facts in the movant's statement."  R. 4:46-2(b).  If the opposing party does not dispute the asserted material facts, then "all material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion."  Ibid.

Allegations are not enough to defeat summary judgment; the non-moving party "must produce sufficient evidence to reasonably support a verdict in its favor."  Invs. Bank v. Torres, 457 N.J. Super. 53, 64 (App. Div. 2018), aff'd and modified by 243 N.J. 25 (2020).  Further, "[b]ald assertions are not capable of . . . defeating summary judgment."  Ridge at Back Brook, LLC v. Klenert, 437

N.J. Super. 90, 97-98 (App. Div. 2014) (citing <u>Puder v. Buechel</u>, 183 N.J. 428, 440-41 (2005)).

"If there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." <u>DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman</u>, 430 N.J. Super. 325, 333 (App. Div. 2013) (internal quotation marks omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions of law. <u>See</u> <u>Nicholas v. Mynster</u>, 213 N.J. 463, 478 (2013). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

"Summary judgment should be granted . . . 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" <u>Friedman v. Martinez</u>, 242 N.J. 449, 472 (2020) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

Further, if the discovery period has ended and the standard for re-opening discovery has not been satisfied, summary judgment may be granted even if the

A-3494-22

opposing party claims that additional discovery will provide evidence to demonstrate a disputed issue of fact. See Schettino v. Roizman Dev. Inc., 310 N.J. Super. 159, 165 (App. Div. 1998).

Rule 4:24-1(c) provides:

> The parties may consent to extend the time for discovery for an additional [sixty] days by stipulation filed with the court or by submission of a writing signed by one party and copied to all parties, representing that all parties have consented to the extension. A consensual extension of discovery must be sought prior to the expiration of the discovery period. If the parties do not agree or a longer extension is sought, a motion for relief shall be filed . . . and made returnable prior to the conclusion of the applicable discovery period. . . . [I]f good cause is otherwise shown, the court shall enter an order extending discovery. . . . No extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown.

Therefore, when an arbitration date is fixed—here arbitration was completed—and trial date is fixed, as it was here, the movant must establish exceptional circumstances to re-open or extend discovery. See Tynes v. St. Peter's Univ. Med. Ctr., 408 N.J. Super. 159, 168-69 (App. Div. 2009).

To establish exceptional circumstances:

> the moving party must satisfy four inquiries: (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought

is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

[Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005) (quoting Vitti v. Brown, 359 N.J. Super. 40, 51 (Law Div. 2003)).]

"Any attorney requesting additional time for discovery should establish that he or she did make effective use of the time permitted under the rules. A failure to pursue discovery promptly, within the time permitted, would normally be fatal to such a request." Ibid. (quoting Vitti, 359 N.J. Super. at 51).

Here, plaintiff's discovery pursuits should have been tethered to the TCA. Under N.J.S.A. 59:4-2:

A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

b. a public entity had actual or constructive notice of the dangerous condition under [N.J.S.A. 59:4-3] a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

10

> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

Moreover, under N.J.S.A. 59:9-2(d), plaintiff could not be awarded "damages . . . for pain and suffering resulting from any injury" unless he suffered a "permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600[]." The New Jersey Supreme Court has held "[t]o recover under the [TCA] for pain and suffering, a plaintiff must prove by objective medical evidence that the injury is permanent." Brooks v. Odom, 150 N.J. 395, 402-03 (1997). "[A] plaintiff must sustain a permanent loss of the use of a bodily function that is substantial." Id. at 406. Considering these well-established principles, we conclude there was no error in the trial court's orders. First, the City's motion for summary judgment was not opposed. Therefore, the City's undisputed statement of material facts was deemed admitted and on that basis, plaintiff could not sustain his claim under the TCA.

Second, plaintiff's assertion, on appeal, "that [he has] proven material issues of fact for each of the elements under the TCA," is not supported by any evidence in the record. Indeed, other than claiming additional treatment, for an

undefined condition, plaintiff failed to present any evidence: concerning his diagnosis; the objective medical evidence establishing the diagnosis; the proximate cause of the injuries; or how he sustained a substantial loss of a bodily function. Bald assertions and mere allegations are insufficient to defeat a motion for summary judgment.

Lastly, plaintiff's contention that summary judgment should have been denied, and his motion to re-open and extend discovery should have been granted, because he "decided to resume medical treatment" misses the mark. Given that arbitration was completed and a trial date was scheduled, plaintiff needed to establish exceptional circumstances for additional discovery. Plaintiff failed to address the requisite factors. Moreover, plaintiff's request for additional discovery is not limited to just his treatment, he also acknowledges the need to conduct depositions of defendant's representatives.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3494-22